Edwin H. Duff II Volusia County Sheriff DeLand
QUESTION:
Does a sheriff or a deputy sheriff or an emergency medical technician assigned to an ambulance or rescue unit have the legal authority or duty, and therefore consequent immunity from liability, to declare or officially pronounce dead a person who dies unattended by a recognized medical practitioner?
SUMMARY:
No statute authorizes or requires a sheriff, deputy sheriff, or certified emergency medical technician to officially pronounce or officially declare a person dead. No immunity is provided by law to a sheriff, deputy sheriff, or certified emergency medical technician who undertakes to declare or pronounce a person dead. Procedures set forth in Chs. 382 and 406, F. S., must be followed in regard to a death which occurs without medical attendance.
Your question is answered in the negative. The Florida Statutes do not authorize or require a sheriff or his deputies or a certified emergency medical technician to declare or officially pronounce a person dead. In fact, no statute speaks to the subject of mere official declaration or pronouncements of death as such.
Section 382.081, F. S. 1977, provides for death registration:
 (1) A death certificate for each death which occurs in this state shall be filed with the local registrar of the district in which the death occurred within 3 days after such death and prior to final disposition or removal of the body from the state, and shall be registered by such registrar if it has been completed and filed in accordance with this section:
 (a) The certificate of death shall be in the form prescribed by the Department of Health and Rehabilitative Services;
 (b) If the place of death is unknown, a death certificate shall be filed in the registration district in which a dead body is found within 3 days after such occurrence; and
 (c) If death occurs in a moving conveyance a death certificate shall be filed in the registration district in which the dead body was first removed from such conveyance.
 (2) The funeral director or person acting as such who first assumes custody of a dead body shall file the death certificate. He shall obtain the personal data from the next of kin or the best qualified person or source available. The medical certification of cause of death shall be furnished to the funeral director, either in person or via certified mail, by the physician, medical examiner, or coroner responsible for furnishing such information.
 (3) The medical certification shall be completed and signed within 48 hours after death by the physician in charge of the patient's care for the illness or condition which resulted in death except when inquiry is required by the medical examiner or coroner.
 (4) When death occurred without medical attendance as set forth in subsection (3) or when inquiry is required by medical examiner or coroner, the responsible official shall investigate the cause of death and shall complete and sign the medical certification within 48 hours after taking charge of the case.
This statute expressly and specifically requires and authorizes only an attending physician, a medical examiner, or a coroner to make and sign medical certifications of cause of death. It is a settled rule of construction that where a statute enumerates the things on which it is to operate (here, the making and signing by certain designated officials and individuals) of certifications of cause of death it impliedly excludes from its operation all things not expressly mentioned (here, declaration of death by emergency medical technicians, sheriffs, and deputy sheriffs). Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234, 239 (Fla. 1944). Further, `[w]hen the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way.' Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944). I am not aware of any statute authorizing or requiring nonattending physicians or the nonattending medical staff of the two hospitals referred to in your inquiry to officially make any determination that a person is dead or officially declare a person to be dead or to sign any medical certification of the cause of death of any person.
Section 382.10, F. S. 1977, provides in pertinent part that in cases where a death occurs without medical attendance, `the undertaker, or other person to whose knowledge the death may come,' shall notify the local registrar thereof, who thereupon shall inform the `local health officer' and refer the case to him for immediate investigation and certification. When the local health officer is not a physician, or when there is no such official, and in such cases only, the registrar is authorized to make the certificate and return from the statement of relatives or other persons having adequate knowledge of the facts. If the undertaker or the registrar has reason to believe that the death may have been due to an unlawful act or neglect, the registrar shall then refer the case to `the coroner or other proper officer' for his investigation and certification [see ss. 406.12 and406.13, F. S. 1977]. In such circumstances, the coroner or other officer shall make the certificate of death. See also s.406.11(1)(a) 5., F. S. 1977, requiring that the medical examiner determine the cause of death in cases where death occurs without medical attendance, and s. 925.09, F. S. 1977, authorizing a state attorney to have an autopsy performed to determine whether a death was the result of a crime.
Section 406.12, F. S. 1977, imposes on any person in the district where a death occurs who becomes aware of the death of any person occurring under the circumstances described in s. 406.11, F. S. [including cases where a person dies unattended by a practicingphysician or other recognized practitioner (s. 406.11(1)(a) 5.)], to report such death and circumstances to the district medical examiner. Upon such notification, the medical examiner is required by the terms of s. 406.13, F. S., to examine or otherwise take charge of the dead body and by the provisions of s. 406.11(1) to determine the cause of death. In such cases, s. 382.081(4), F. S. 1977, operates to require the district medical examiner to make and sign the medical certification of cause of death.
Part III of Ch. 401, F. S., as amended by Ch. 77-347, Laws of Florida, the Florida Emergency Medical Services Act, regulating emergency medical services and emergency medical technicians, does not cover the subject matter of your question and does not purport to authorize or require certified emergency medical technicians to declare or officially pronounce a person dead or to make and sign medical certifications of cause of death or certificates of death.
Chapter 30, F. S., as amended, relating to sheriffs and deputy sheriffs, does not purport to authorize or require the sheriffs or their deputies to officially declare or pronounce a person dead, to make any official determination that a person is dead, or to make and sign medical certifications of cause of death or certificates of death. I am not aware of any other statute authorizing or requiring the sheriffs or their deputies to perform such acts.
It is settled law in this state that constitutional county officers such as sheriffs have no inherent powers and have only such authority as may be expressly granted by statute or necessarily implied from an express statutory grant of authority or imposition of duty. Lang v. Walker, 35 So. 78, 80 (Fla. 1903); White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); AGO 075-161. Also see
Edgerton v. International Company, 89 So.2d 488, 490 (Fla. 1956), and State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974), for the rule that where there is reasonable doubt as to the lawful existence of a power being exercised by an administrative agency or officer, further exercise of that power should be stopped. For the purposes of this opinion, these rules apply with equal force and effect to certified emergency medical technicians who, with respect to the subject matter of your question, possess no authority and are charged with no duty other than as provided in the controlling statute, part III of Ch. 401, F. S., as amended.
Except in those situations specifically enumerated in s. 406.11, F. S. 1977, the attending physician in charge of a person's care for the illness or condition which resulted in that person's death is responsible for making out and signing a medical certification of cause of death and furnishing the same to the funeral director who has assumed custody of the dead body. See s. 382.081(3), F. S. 1977. If there is no such attending physician or other recognized medical practitioner, the medical certification of cause of death must be made out and signed by the medical examiner, the local health officer, or, in certain cases, the local registrar. Sections 382.081, 382.10, 406.11, 406.12, and 406.13, F. S. 1977.See also Ch. 77-294, Laws of Florida, providing that, except as provided in s. 936.003(1), F. S. (created by Ch. 77-294), all duties and responsibilities of a coroner provided by law shall be vested in a medical examiner regulated pursuant to the provisions of Ch. 406, F. S., and repealing former Ch. 936, F. S., relating to inquests of the dead.
While Chs. 382 and 406, F. S., do not speak to the subject of mere official declaration or pronouncement of death as such, those chapters imply that persons required by law to complete and sign certifications of cause of death necessarily also perform the function of officially declaring or pronouncing persons dead (if, indeed, the function of merely pronouncing a person dead is required by law). The pronouncement of a person as dead in circumstances other than those set forth in Chs. 382 and 406, F. S., or by any person other than those enumerated therein, would be an act of no legal verity or force under existing law. As I have already indicated, no existing statute provides any other way of declaring or pronouncing persons dead. The certificates of death (including the medical certifications of cause of death) filed with the local registrar become a part of the permanent records of vital statistics maintained by the state and are the legal and official memorials or records of death in this state.
However, a sheriff, deputy sheriff, or emergency medical technician having knowledge of a death occurring without medical attendance (as prescribed by ss. 382.081, 382.10, 406.11, and406.12, supra) is a person who becomes aware of a death (to whose knowledge a death may come) within the purview of ss. 382.10 and406.12, respectively, and is accordingly required by law to notify the local registrar of such death and to report such death and related circumstances to the medical examiner. Neither the local registrar or the local health officer, nor the medical examiner, as the case may be, is authorized by law to decline to perform his or her prescribed duties or functions under s. 382.081, s. 382.10, s. 406.11, or s. 406.13 once such official is notified of an unattended death.
It is therefore my opinion that, under the statutes, rules of construction, and principles of law set forth above, the existing law of this state neither requires nor authorizes sheriffs, deputy sheriffs, or certified emergency medical technicians to officially declare or officially pronounce a person dead. As no such duty or authority is provided by law, I am unaware of any statute or principle of law which would grant any sort of immunity (as form tort liability) to a sheriff, deputy sheriff, or certified emergency medical technician who undertakes the responsibility of declaring or pronouncing a person dead.
Prepared by: Jerald S. Price, Assistant Attorney General