SEABOARD AIR LINE RAILROAD COMPANY, a corporation, v. CARRIE BOLES, as Administratrix of the Estate of Nathan G. Boles, Deceased.

37 So. (2nd) 578

October 26, 1948

Rehearing denied December 17, 1948

June Term, 1948

Special Division A

Clayton, Arnow & Duncan, for appellant.

Evan T. Evans and T. E. Duncan, for appellee.

TERRELL, J.:

Nathan G. Boles was injured in a railroad crossing accident at Waldo, Florida, September 20, 1946, The defendant, Seaboard Air Line Railroad, runs North and South at the crossing where the accident took place. The depot was North and the City Ice and Fuel Company plant was South of the crossing. The railroad company had three tracks, the first was called the house track, the second was called the main line track and the third was known as the pass track. The distance from the house track to the main line track, on which the accident occurred, was twenty-two and four tenths feet. Boles was traveling easterly by automobile and was struck by a freight train locomotive, pulling twenty-one cars as he was crossing the main line track. It was little past six in the morning, the weather was foggy and the day was break-

ing. The train was traveling South at slow speed and Boles was moving slowly. Camp cars were parked on the house track on both sides of the crossing. The evidence is in conflict as to whether the head light on the locomotive was burning, the bell was ringing or the whistle was blowing. At the trial Boles recovered a verdict and judgment for $15,500, plus costs and the defendant appealed.

A number of questions are urged for adjudication but stripped of useless verbiage, the only point necessary to determine is, who was negligent and whether or not the judgment awarded was excessive.

In Atlantic Coast Line Railroad Company v. Timmons, decided July 30, 1948, not yet reported, this Court defined the standard of prudence required of one approaching a grade crossing like that involved in this case. He is first required to look and listen and if the way is clear he may proceed. Circumstances may require him to stop, look and listen. He is not required to reconnoiter but if he had done so here the accident might not have occurred. Plaintiff testified that he stopped, shut off his motor, looked and listened and hearing nothing, proceeded across the house track and was struck by the locomotive as he started to cross the main line track, little more than twenty-two feet from the house track. After he crossed the house track his view was unobstructed except by the fog and twilight incident to the fact that day was just breaking. If plaintiff had halted when he crossed the house track or had looked after he crossed it he could not have missed seeing the approaching train.

The jury found the defendant guilty of negligence and, while the evidence on this point is in conflict, it is ample if believed to support the finding. We are also convinced that the plaintiff was guilty of negligence. It may be that the jury attempted to apportion the damages, but if it did the amount awarded was excessive.

We base this finding on these facts revealed by the evidence: Plaintiff was sixty years of age at the time he was injured, to one of his legs the injury was twelve per cent permanent, he was laid up about thirteen months and

died a few months after he recovered. There is no suggestion that death was due to his injury. His doctor's bill was $250., his hospital and ambulance bill was $281.85 and his automobile was badly damaged. The dependable evidence as to his earning capacity shows that it was not exceeding eighty dollars per month. It is true that during the recent war he made considerably more than this for a short time, but he had been separated from that for a long time and no other evidence shows that he ever made more than eighty dollars per month.

It is accordingly our view that the record in this case will not support a judgment in excess of one-half the amount awarded, so if the plaintiff will enter a remittitur for that amount, the judgment will stand affirmed as to the balance, otherwise, it will be and is hereby reversed for a new trial.

Affirmed on condition of remittitur.

THOMAS, C. J., CHAPMAN and HOBSON, JJ., concur.