WIGGINTON, Judge.
This cause .is before the court upon motions by the respondent trucking company and Harris to dismiss or quash a petition for writ of certiorari filed by the Florida Industrial Commission on behalf of the so-called “Special Disability Fund”, hereinafter called the Fund.
The petitioner seeks review of an order entered by the Full Commission affirming a determination by its deputy by which disbursement of certain monies from the Fund was ordered as reimbursement to an employer for sums paid as compensation and other benefits. The merits of the cause are not involved in our consideration of the subject motion, the grounds of which are as follows: (1) petitioner failed to give notice of intention to apply for the issuance of the writ here sought as required by Rule 4.5, subd. a(5), F.A.R., 31 F.S.A.; (2) the Fund is not a proper party to the cause and the Florida Industrial Commission is without authority, statutory or otherwise, to invoke the jurisdiction of this court on behalf of the Fund for the purpose of reviewing its own order relative thereto. Also, the Commission, by virtue of F.S. § 440.27(1), F.S.A., is made a party respondent in certiorari proceedings to review its orders entered pursuant to F.S. § 440.25, F.S.A., and, therefore, cannot be the petitioner in such proceedings.
Movant’s first contention is readily disposed of by noting that Rule 4.5, subd. a(5), F.A.R., is applicable solely to cases of original jurisdiction in which petitioner seeks relief by way of one of the extraordinary writs. .Petitions for certiorari seeking “review of administrative boards and agencies” are controlled by Rule 4.1, F.A.R. The petition in the instant case falls within the latter rule.[1] Therefore, Rule 4.5, subd. a (5), F.A.R., relied upon by movants in-support of their motion has no application in this case.
The “Special Disability Fund” with which we are here concerned was conceived by a legislative desire to do justice to workmen’s compensation claimants and employers alike. It was born of the enactment of Chapter 29778, General Laws of Florida 1955.[2] It consists of a deposit of money created and maintained by compulsory annual assessments equal to one half of one *399 percent of the gross premiums collected by insurance carriers on compensation coverage written in this State during the preceding year, and an equal assessment against self-insurers based on the amount of premiums that would have been paid during the preceding year if insured by an insurance company. When the amount deposited with the Fund reaches $500,000, further assessments are abated until disbursements therefrom reduce the balance to a sum less than $250,000.[3] Thus, it becomes obvious that self insurers and compensation carriers have a real and direct interest in protecting the Fund against invalid or unwarranted claims.
It is the purpose of this fund to provide a means of affording just compensation to a claimant who bears the burden of a permanent physical impairment, “ * * * due to previous accident or disease or any congenital condition which is or is likely to be a hindrance or obstacle to employment. * * * ” [4] and who suffers a subsequent compensable injury which, coupled with the previous impairment, results in a greater degree of permanent disability than would otherwise follow from the subsequent injury; without at the same time imposing an unjust burden to pay such compensation upon the employer in whose employ the subsequent injury occurred.
F.S. § 440.15(5)(d) 6(a), F.S.A., provides as follows:
“a. Special disability fund. There is established in the state treasury a special fund to be known as the special disability fund, which shall be available only for the purposes stated in this paragraph, and the assets thereof shall not at any time be appropriated or diverted to any other use or purpose. The state treasurer shall be the custodian of such fund and all moneys and securities in such fund shall be held in trust by such treasurer and shall not be the money or property of the state. The state treasurer is authorized to disburse moneys from such fund only when' approved by the commission and upon the order of the comptroller, countersigned by the governor. The state treasurer shall deposit any moneys paid into such fund into such depository banks as the commission may designate and is authorized to invest any portion of the fund which, in the opinion of the commission, is not needed for current requirements, in the same manner and subject to all the provisions of the law with respect to the deposits of state funds by such treasurer. All interest earned by such portion of the fund as may be invested by the state treasurer shall be collected by him and placed to the credit of such fund.”
It is readily apparent from the above quoted provision that the Commission is in effect the trustee of the Fund and, as such, is charged with the administration thereof, in addition to its quasi-judicial functions relative to. workmen’s compensation matters generally. We fail to find any express provision, however, whereby the Commission is authorized to appoint an independent representative[1] to conserve the Fund and to contest claims made against it. The Act is likewise devoid of any express provision by which the Fund is constituted a separate legal entity with authority to resort to the courts for relief from orders of the Commission by which it may be adversely affected. The motions now before this Court are bottomed upon this apparent lack of authority and the further position that in view of the absence thereof the Commission is necessarily .-seeking judicial review of its own order.
The petitioner contends that the mere fact that the Commission is designated by the Legislature to administer the Fund does not make them one and the same; but that the Fund is a distinct legal entity ..with, full rights to litigate before the Commission *400 and the courts. Insofar as this contention is concerned, we are asked to consider § .15, subd. 8 of the New York Workmen’s Compensation Law, McKinney’s Consol.Laws, c. 67, from which the Fund provisions of the Florida Act were adapted. While there is a striking' similarity between these two statutes, the New York Law contains a provision which is, we believe, essential to the petitioner’s contention here, but which is conspicuously absent from the Florida Act.
Section 15, subd. 8(i) of the New York Law provides, in part, as follows:
’ “(i) When an application for apportionment of compensation is made under this subdivision, the chairman of the workmen’s compensation board shall appoint a representative of such fund in such proceedings, but whenever it shall appear that, through any committee, board or organization representative of the interest of employers or insurance carriers, an attorney has been appointed to act for and on behalf of such employers and insurance carriers generally to represent such fund * * * the chairman * * * may designate such attorney as the representative of such special disability fund * * *
“ * * * and the right of appeal shall be preserved to the claimant and to the employer or his insurance carrier and to such fund through its representatives and attorney * * (Emphasis supplied.)
It is apparent that the New York fund is by statute an independent entity possessing full power to litigate claims made against it and to seek judicial review of orders by which it is adversely affected. Furthermore, the chairman of the New York workmen’s compensation board is expressly directed to appoint a special representative for this purpose.
As previously noted, there are no provisions in the Florida Act comparable to those contained in § 15, subd. 8(i) of the New York Law. The omission of such a provision creates a presumption that our Legislature did not intend to establish the Florida fund as a separate entity or to authorize the appointment of an independent representative with the duty to conserve its assets and the right to litigate in its behalf. Petitioner, however, points to F.S. § 440.44(4) (b), F.S.A., as affording the contended authority. That section provides, in part, as follows:
“Subject to the other provisions of this chapter, the commission is authorized to appoint, fix the compensation, and prescribe the duties and powers of a director * * * attorneys * * * . and such other employees as may be necessary in the performance of its duties under this chapter'. * * ” (Emphasis supplied.)
By its brief, and during oral argument, petitioner advised the court that' the Commission has appointed a “Conservation Committee” charged with the duty to consider all claims filed against the Fund and which is empowered to contest those deemed by it to be without merit. We are told that this committee is composed of the Commission’s general counsel, the director and assistant director of its workmen’s compensation division, and a special attorney appointed to assist them. The record before us is devoid of any evidence in this regard. Conceding, however, that such a committee has in fact been appointed, which we have no cause to doubt, and assuming, arguendo, that the last quoted provision of the Florida Act constitutes sufficient authority for its appointment, we do not conceive that this in any way suffices to establish the Fund as a legal entity separate and apart from the Commission itself. On the contrary, appointments thus authorized are for the express purpose of assisting " * * * in the performance of its [the Commission’s] duties * * It is clear, therefore, that any properly designated appointee under this provision necessarily acts for the Commission as its agent or employee, regardless of whethei *401 it be in connection with the Fund or otherwise. It would tax the credulity of this court to presume that a committee so constituted possesses any appreciable degree of independence in determining whether Commission orders affecting the Fund accord with the essential requirements of law. Such a committee would face with extreme reluctance the unrestrained exercise of its alleged prerogative to seek judicial review of such orders by certiorari, if confronted with any indication whatever, that its action would meet with the Commission’s disapproval.
Administrative boards, commissions and officers have no common-law powers; but are limited to such powers as may be granted, either expressly or by necessary or fair implication, by the statutes creating them.[5] Finding no express or implied grant of power by which the Florida Industrial Commission, or any subordinate authority designated by it, may seek judicial review of its own orders, either on behalf of the Special Disability Fund or otherwise under F.S. Ch. 440, F.S. A., we are compelled to conclude that such power does not exist. The order here sought to be reviewed was entered by the Full Commission. Having thus exercised its statutory, quasi-judicial authority, the Commission cannot, through the device of donning its administrative attire as trustee of the Fund, invoke the jurisdiction of this or any other court to review that order.
In so holding we are not unaware of the grave constitutional questions that may arise (points which we do not decide at this juncture). It is noted in this connection, however, that as a result of the Commission’s order in the instant cause .both claimant and the employer immediately concerned have prevailed. The claimant has received all he sought, including compensation for a special disability, and the employer is called upon to pay no more than would have been necessary otherwise. The Fund, and ultimately, all of its contributors, must pay the difference; yet, neither is provided a means whereby judicial review of such an order may be obtained. There is no provision in the Act by which contributors are notified of claims against the Fund or permitted to seek judicial review of orders granting them. Nor is there any authorization by which the Fund may, as a separate and independent entity, procure such a review. We are, nevertheless, firmly convinced that whatever .curative measures may be appropriate are exclusively within the province of the Legislature and not of this court.
For the foregoing reasons, respondent’s motions must be and the same are hereby granted. The petition for writ of certio-rari is dismissed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. See also: Florida Constitution, Art. V, § 26(10), F.S.A.

. F.S. § 440.15(5) (d), F.S.A.

. F.S. § 440.15(5) (d) 6, par. b, F.S.A.

. F.S. § 440.15(5) (d) 1, F.S.A. [1]

. 42 Am.Jur., Public Administrative Law, § 26.