McNULTY, Judge.
The railroad, in this wrongful death action, directly appeals from a final judgment entered on a jury verdict in favor of the plaintiff-appellee, widow of the decedent Thomas Loyd O’Connor. We affirm.
The decedent was killed as a result of a collision between a tractor-semitrailer rig he was driving and one of appellant’s *665 freight trains, which was then and there being operated in Polk County, Florida, by employees of appellant. The one point on appeal which merits discussion is whether the trial court erred in excluding evidence that the deceased driver failed to stop at the railroad crossing as required by F.S.196S, § 317.453(1), F.S.A. Said section provides as follows:
“The driver of any motor vehicle carrying passengers for hire, any school bus carrying any child, any vehicle carrying explosive substances or flammable liquids as a cargo or a part of a cargo, any vehicle designed for the carrying of flammable liquids or explosives, or any vehicle with three or more axles, before crossing at grade any track or tracks of a railroad, shall stop such vehicle not less than ten feet from the nearest rail of such railroad, and while so stopped shall listen and look in both directions along such track for any approaching train and for signáis indicating the approach of a train, except as hereinafter provided, and shall not proceed until he can do so safely. After stopping as required herein and upon proceeding when it is safe to do so, the driver of any said vehicle shall cross only in such gear of the vehicle that there will be no necessity for changing gears while traversing such crossing and the driver shall not shift gears while crossing the track or tracks.” (The 1967 Legislature added, following the word “tracks”, “; provided, however, nothing herein shall be construed to apply to passenger vehicles pulling trailers.” This proviso will be discussed, infra.)
Obviously this section regulates the operation of several specified vehicles. But stripped of its irrelevancies as it might apply to the tractor-semitrailer rig involved in this case, it may be condensed herein to read:
“The driver of any motor vehicle * *, or any vehicle with three or more axles, before crossing at grade any track or tracks of a railroad, shall stop such vehicle * *
Now the undisputed evidence in this case reveals that the tractor portion of the rig which plaintiff’s decedent was driving had two axles and the semitrailer portion also had two axles. Appellant submits that the “three or more axles” provision of the aforesaid statute contemplates the total number of axles on the entire rig, con-cededly a combination of two vehicles, notwithstanding that no single vehicle of the combination had more than two axles. Stated another way, the precise question before us is whether the term “vehicle”, as used in § 317.453(1), supra, must be construed to mean the plural thereof so as to include a combination of vehicles, the axles of which cumulatively total three or more. The trial court didn’t think so, and we agree.
 First of all the statute is in derogation of the common law,[1] and is also penal in nature.[2] As such, it must be strictly construed in favor of those it purports to regulate; and it will not be held to include anyone within its purview unless it clearly and unambiguously describes him therein. In so construing the statutory provision involved here we cannot find any language in the section itself, or for that matter in the entire F.S.1965, Ch. 317, F.S.A., from which it clearly appears, as it must, that the term “vehicle” includes a combination of vehicles in train. On the contrary, and as the trial court well pointed out,
“ * * * under the provisions of Section 317.011, Subsections 57 and 58, a trailer is defined as a vehicle and a truck is defined as a motor vehicle. It would logically seem to follow that a combination of the two would constitute two vehicles. The Legislature appears to have adopted this conclusion in sev *666 eral sections of Chapter 317 wherein reference is made to ‘combinations of vehicles’. This Court has not attempted to read every section of said Chapter, but the words ‘combination of vehicles’ or ‘train of vehicles’ or similar words are used in the following sections: 317.481; 317.532; 317.611; 317.761; 317.771 and 317.801 * *
Furthermore, the term “vehicle” itself is also defined in the aforesaid § 317.011, subsection (61), i. e., “Every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, * * *” (Italics supplied). Clearly then, the term “vehicle” includes, by definition, both the tractor and the semitrailer involved herein, but each being a “device” within such term (and each being otherwise separately defined), the term “vehicle” when used in the singular means each of the devices contemplated thereby separately and singly, not in combination.
 We conclude then, that when the critical terms of the statute are given their full meaning, as they are defined in § 317.011, supra, it is clear that the tractor-semitrailer involved here was not a vehicle with three or more axles, but rather was a combination rig comprised of two vehicles, neither of which had three or more axles. Therefore, its operation was not regulated by § 317.453, supra, and the provisions of said section are irrelevant to the issues herein and were properly excluded.
 Appellant places great reliance on the fact that in 1967 the Legislature amended § 317.453, supra, by adding the proviso which excludes “passenger vehicles pulling trailers”. It submits that such legislative action is indicative of a prior legislative intent (i. e., at the time of the original enactment) to include combination vehicles with a cumulative number of axles totaling three or more. The argument is made that if combinations of vehicles, generally, were not originally included then it was a useless act thereafter to expressly exclude one specific class thereof. We would agree that every act of the Legislature is presumed to accomplish some objective. But the subject of an amendment to a statute does not necessarily have to add or subtract anything from the substance of the statute. Oftentimes, particularly with provisos, amendments are used as an aid toward interpretation of the original act rather than to change it. If circumstances are such as to indicate that the Legislature intended to interpret rather than to change the original act, then the presumption of a change is rebutted.[3] Such is the case here. Indeed, the very language of the proviso itself suggests that the Legislature intended to aid construction thereof by using the word “construed” in its limitation of the statute’s applicability. In addition, the proviso is at the end of subsection (1) of the aforesaid § 317.453 which, as pointed out above, concerns several vehicles in varying situations in addition to vehicles with three or more axles; accordingly, the proviso is no more applicable to the later classification than it is to some or all of the others.[4] In view of all this, therefore, we think that the proviso is interpretative rather than amendatory, and does not of itself clearly establish that the Legislature intended to include “combinations of vehicles” within the term “vehicle” as used in F.S.1965, § 317.453(1), F.S.A.
The judgment appealed from should be, and it is hereby, affirmed.
HOBSON, C. and LILES, J., concur.

. See, e. g., Seaboard Air Line R. Co. v. Boles (1948), 160 Fla. 910, 37 So.2d 578.

. Subsection (3) thereof prescribes punishment as a misdemeanor for violations of its terms.

. See Horack, Sutherland Statutory Construction (3d edition), Vol. 1, § 1930, at p. 415. See, also, 82 C.J.S. Statutes § 381b (3), p. 888, and § 384b (2), p. 906, n. 38.

. Except for the proviso, a passenger car pulling a camper-trailer with a propane gas tank attached, for example, might well fall within one of the other classes of vehicles regulated by § 317.453 as it would be “carrying explosive substances or flammable liquids * * * ”.