QUESTION: Does the Florida Weight Review Board have authority to write off bad debts as uncollectible?
SUMMARY: Section 316.200(6) and (7), F. S., which creates the Weight Review Board and vests it with enumerated powers and functions, does not authorize the board to write off bad debts as uncollectible, and, absent express statutory authority, the board is not lawfully authorized to write or charge off such debts as uncollectible. Your question is answered in the negative. The Weight Review Board (hereinafter board) is created and vested with authority pursuant to s. 316.200(6) and (7), F. S., which provides: (6) There is hereby created a board consisting of the secretary of the Department of Transportation, the chairman of the Public Service Commission, the director of the Division of Motor Vehicles, and the director of the Division of Highway Patrol, or their authorized representatives, which may review any penalty imposed upon any vehicle or person under the provisions of this chapter relating to weights imposed on the highways by the axles and wheels of motor vehicles. (7) Any person aggrieved by the imposition of a civil penalty pursuant to this section may apply to the review board for a modification, cancellation, or revocation of the penalty, and the review board is authorized to modify, cancel, revoke, or sustain such penalty. While s. 316.200(7), F. S., permits the board, upon application of any person aggrieved by the imposition of a civil penalty for weight law violations, to modify, cancel, revoke, or sustain the penalty, I can find no statutory language in the provisions of s. 316.200(6) and (7), F. S., authorizing or empowering the board to charge off or write off, as uncollectible or otherwise, bad debts in any way or respect arising out of or resulting from the imposition of civil penalties for violations of the weight and load provisions of ss. 316.199 and 316.200, F. S. Moreover, those statutory provisions having enumerated the things on which they are to operate must be deemed to have excluded from their operation all other things not expressly mentioned therein. Interlacken Lake Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). It is a well-settled principle of law that administrative bodies have no common-law powers. They are creatures of the Legislature and what powers they have are limited to the statutes that create them. State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (1 D.C.A. Fla., 1974); Florida Industrial Commission v. National Trucking Co., 107 So.2d 397 (1 D.C.A. Fla., 1958); St. Regis Paper Co. v. State, 237 So.2d 797 (1 D.C.A. Fla., 1970). It has also been held that if there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. State ex rel. Greenberg v. Florida Board of Dentistry, supra; State v. Atlantic Coast Line Railroad Company, 47 So. 969 (Fla. 1908). Statutory agencies do not possess any inherent powers and such agencies are limited to powers granted either expressly or by necessary implication from the statutes creating them. St. Regis Paper Co. v. State, supra; Florida Industrial Commission v. National Trucking Co., supra. Statutory authority does exist whereby some state agencies are empowered to charge off accounts as uncollectible, but such action is pursuant to an express statutory grant of authority to so act (e.g., see s. 402.17(1)(i), F. S., and cf. ss. 27.12 and 27.13, F. S.). Authority for the Weight Review Board to write off bad debts as uncollectible must necessarily come about by an exercise of the legislative prerogative in granting that authority to the board.