Harry L. Coe, Jr. Executive Director Department of Revenue Tallahassee
QUESTIONS:
1. Is a county tax collector authorized by law to contract with banks to have them collect ad valorem taxes or appoint commercial banks as collection agents to collect such taxes for the tax collector?
2. Is it lawful to expend county funds in connection with such contractual procedures or to compensate such tax collection agents for collecting said taxes?
SUMMARY:
In the statutory provisions which impose the duty to collect ad valorem taxes upon the office of the county tax collector, there is no authorization, expressly or by necessary implication, which would authorize a tax collector to delegate any portion of his statutory authority or duty to banks acting as his agents to collect ad valorem taxes. Therefore, the county tax collectors are not authorized by law to contract with or appoint banks to act as agents for the collection of ad valorem taxes.
The office of the county tax collector is defined in s.192.001(4), F. S., which provides: "County tax collector' meansthe county officer charged with the collection of ad valorem taxes' (Emphasis supplied.) levied by the various local units of government authorized by law to impose such taxes.
The duties of the tax collector are established by general law in various sections of the Florida Statutes. Those which relate directly to the collection of taxes will be discussed herein.
Section 197.012, F. S., provides in pertinent part: `The tax collector is hereby vested with the power and it shall be his dutyto collect all taxes as shown on the tax roll.' (Emphasis supplied.)
In order that the performance of these duties be insured, the tax collector is required to post a bond as set forth in s. 137.02, F. S., which provides that the amount of the bond is determined by the amount of money likely to be in the hands of the tax collector at any one time. For purpose of the discussion herein, the importance of this statute is that it provides the county with protection of its funds while they are handled by the tax collector and his office.
The duties imposed upon the tax collector by the statutes are clearly set forth and there is no provision authorizing the tax collector to appoint or contract with agents for the collection of ad valorem taxes, but there is also no statutory provision prohibiting such action. It is, however, a general rule that, where the statute is silent, even if not prohibitive, the only authority available to an officer is that conferred by statute.See White v. Crandon, 156 So. 303 (Fla. 1934), Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
No power may be implied by a tax collector to enable him to engage in the type of action suggested by your inquiry. As in the case of administrative bodies, tax collectors, whose offices are created by the Constitution, and whose powers and duties are statutory, have no common law powers `and what they have are limited to the statutes.' State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 at 638 (1 D.C.A. Fla., 1974), citing Florida Industrial Commission v. National Trucking Company,107 So.2d 397 (1 D.C.A. Fla., 1958); AGO 075-120.
The Supreme Court had stated, in regard to implied power:
 An express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred. . . . [Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936), AGO 073-375.]
Any implied power must be necessarily implied from a duty which is specifically or expressly imposed by statute. Attorney General Opinion 075-161, Florida State University v. Jenkins,323 So.2d 597 (1 D.C.A. Fla., 1975). Any power to be implied must also beessential in order to carry out the expressly granted power or duty imposed, e.g., AGO 073-374 and 67 C.J.S. Officers s. 102. The statutes establishing the duties of the tax collectors charge those officers with the duty to collect the tax moneys, which duty must be performed personally by the collector, or by employees of his office working under his direct supervision. It is not essential for the tax collector to appoint or contract with banks as agents in order to carry out or perform his statutorily imposed duties.
Moreover, in situations concerning the exercise of powers by public officers, it is clear that where `there is reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested.' Hopkins v. Special Road and Bridge District No. 4, 74 So. 310
(Fla. 1917); Gessner v. Del-Air Corporation, supra; see also Stateex rel. Greenberg v. Florida State Board of Dentistry, supra; Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A. Fla., 1970); City of Cape Coral v. G.A.C. Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973); AGO 076-191, which further states:
 As stated in AGO 071-28, to perform any function for the state (or a county) or to expend any money belonging to the state (or county), the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. (Emphasis supplied.) Accord, AGO 075-299 (quoting in part from AGO 068-12).
There does not appear, from a review of the statutes defining the office or duties and powers of the county tax collectors, any authority, expressly or necessarily implied, which would enable these officers to appoint or contract with agents to collect ad valorem taxes. A public officer can make only such contracts as are expressly or impliedly authorized by statute. 67 C.J.S.Officers s. 102, at p. 370; 20 C.J.S. Counties s. 174. The power and duty to appoint agents or enter into contractual relations with them is a governmental power which rests with the Legislature. Attorney General Opinion 068-44. While that body may delegate this authority by statute to the office of the county tax collector, it has not done so. Clearly, there is no contractual authority vested in those officers by s. 197.012, F. S., which establishes the duties and powers of the tax collectors. That statute further states that it is the tax collector — not agents of his office — who shall collect the taxes. Additionally, there is no authority in s. 197.012, F. S., for the delegation of these powers and duties.
The prohibition against this type of delegation of the duties and powers of the tax collector has been clearly stated by the Florida courts. Absent a statutory authorization to do so, a public officer may not delegate his powers. State v. Inter-American Center Authority, 84 So.2d 9 (Fla. 1955); Crandon v. Hazlett,26 So.2d 638 (Fla. 1946); State ex rel. Wolyn v. Apalachicola Northern Railroad Co., 88 So. 310 (Fla. 1921). Where the statutes involved assign a duty to a particular officer, as s. 197.012, F. S., does, that duty cannot be delegated. Further, s. 5(c), Art. II of the State Constitution, which is substantially unchanged from s. 27, Art. III of the 1885 Constitution, does not contemplate that essential powers or authority may be exercised by one not a duly commissioned officer. Florida Dry Cleaning and Laundry Board v. Economy Cash and Carry Cleaners, 197 So. 550 (Fla. 1940). The courts of Florida have long held that any person who is entrusted with the receipt of public money, or through whose hands such money may pass to the treasury, are `public officers' and the administrative duties which are governmental in nature are to be performed only by them. State ex rel. Swearingen v. Jones,84 So. 84 (Fla. 1920), and Dade County v. State, 116 So. 72 (Fla. 1928).
No statutory authority exists under s. 197.012, F. S., for a tax collector to contract with banks to act as collection agents for him. Accordingly, it would appear that in the situation you describe, contracts between the tax collector and banks would be void as being ultra vires the authority of the tax collector. Additionally, it is beyond the power of the county commission to approve any contract for agents to collect tax moneys. The duties and powers of the county commission have nothing to do with the collection of taxes. Therefore, the county commission can lend no validity to any such contracts of the tax collector. Further, the county commission cannot empower the tax collector to make such contracts because the powers and duties of county officers must be fixed by law, see s . 5(c), Art. II, State Const., and may not be `fixed' by the county commission, cf. AGO 077-88 and cases cited therein.
Accordingly, your first question is answered in the negative.
Regarding your second question, having concluded that the contracts between the tax collector and the banks, and the appointment of banks as agents for the tax collector, are not authorized by law, it is not necessary to discuss the expenditure, if any, of public funds in connection with such activities.
Prepared by: William D. Townsend Assostamt Attorney General