Newman C. Brackin Clerk Circuit Court Crestview
QUESTION:
Must the `service charges' collected pursuant to s. 34.041(1), F. S., be remitted monthly to the county, or may these charges be retained as income of the office of the clerk?
SUMMARY:
Filing charges, now denominated as `service charges,' collected by the clerk of the county court upon the filing of a civil action or proceeding in the county court pursuant to s. 34.041(1)(a)-(e), F. S., must be remitted monthly to the county by the clerk in the manner prescribed by the auditor general. The clerk of the county court is not authorized by law to retain these payments as income of the clerk's office.
Section 4, Ch. 77-284, Laws of Florida, amended s. 34.041(1), F. S., to change, among other things, the amounts of the charges to be paid for filing an action or proceeding in county court and to substitute the phrase `service charges' for `filing fees' in the title or catchine of s. 34.041 and in the body of subsection (1) thereof. These `filing fees' or `service charges,' as they are referred to now, are to be paid by the plaintiff `when filing his action or proceedings.' However, the phrase `filing fees' was retained in the unamended last sentence of subsection (1) of s.34.041. This sentence reads as follows: `All filing fees shall be remitted monthly to the county in the manner prescribed by the auditor general.' You state that this inconsistency in the language employed has caused some confusion in your office as to the proper disposition of the service charges collected pursuant to s. 34.041(1).
Black's Law Dictionary, Rev. 4th Ed. at p. 470, defines a fee as `[a] charge fixed by law for services of public officers or for use of a privilege under control of government.' 36A C.J.S., p. 248, defines fee as follows:
 The word `fee' is frequently employed to denote a charge, and is defined as meaning a charge fixed by law for the services of a public officer or for the use of a privilege under the control of the government; a charge for services; a charge or emolument; a fixed charge.
See also Flood v. State ex rel. Homeland Co., 117 So. 385, at 386
(Fla. 1927), citing a number of authorities to the same effect. The Third District Court of Appeal has defined `fees' as `compensation to an officer for service rendered in the progress of the cause.' Dade County v. Strauss, 246 So.2d 137, 141 (3 D.C.A. Fla., 1971). Fees collected by public officers, however characterized, represent charges which the state makes for services rendered by the state through its officers, and constitute a fund subject to the control of the state to be applied as the Legislature directs. See State ex rel. Buford v. Spencer, 87 So. 634 (Fla. 1921).
Chapter 77-284, Laws of Florida, was an act `relating to service charges and fees of clerks of court' and amended several sections of Chs. 28 and 34, F. S. It is clear from the language of the introductory paragraph of s. 34.041(1), F. S., that the charges specified, however denominated, are to be paid by the plaintiff when his action or proceeding is filed in county court. These payments represent charges made by the state for services rendered by it through the clerks of the county courts upon the filing of a civil action or proceeding in the county court. Other than the legislative command expressed in the unamended last sentence of s.34.041(1), there is no statutory direction as to the application or disposition of the prescribed filing or service charges. Neither this statute, nor any other, has any provision allowing the clerk to retain these `service charges' collected pursuant to s. 34.041(1) as income of the office. The State Constitution, s. 5(c), Art. II, states, `[t]he powers, duties, compensation and method of payment of the state and county officers shall be fixed by law.' As stated in Florida Ind. Comm. v. National Trucking Company, 107 So.2d 397, 401 (1 D.C.A. Fla., 1958), `officers have no commonlaw powers; but are limited to such powers as may be granted, either expressly or by necessary or fair implication, by the statutes creating them.' Absent any statutory authorization empowering the clerk to retain these charges as income of the office, they must be remitted to the county. While the clerk of the circuit court is a constitutional officer, his powers and duties are fixed by law and the above-quoted rule applies with equal force to the clerk and other constitutional officers of the county as it does to state and local administrative bodies or officers. Cf. AGO's 078-95, 078-94, 078-77.
The substitution of the phrase `service charges' for `filing fees' effectuated by s. 4, Ch. 77-284, Laws of Florida, is merely a change in phraseology, and the two expressions represent synonymous terms. As it is stated in 82 C.S.J. Statutes s. 384, at 902-903, `[a] mere change in the phraseology does not indicate a change in construction of the statute.' Accord: State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson,286 So.2d 529, at 531 (Fla. 1973); Seaboard Coast Line R. R. v. O'Connor, 229 So.2d 663 (2 D.C.A. Fla., 1969). The statute, as amended, does not purport to authorize the clerk of the county court to retain any of the prescribed filing charges as income of his office. The statutory direction that all such filing charges or filing fees be remitted monthly to the county has not been amended by the Legislature. Therefore, the filing charges or service charges collected by the clerk of county court upon the institution or filing of a civil action or proceeding in the county court must be remitted monthly to the county and may not be retained by the clerk as income of the office.
Prepared by: Craig B. Willis, Assistant Attorney General