Sal Geraci Clerk of the Courts Fort Myers
QUESTION:
Should a clerk of the circuit court charge a fee for recording a judgment evidencing the lien provided for in, and issued pursuant to, the provisions of s. 27.56(2)(a) and (b), F. S.?
SUMMARY:
A clerk of the circuit court is not authorized to charge a fee for recording a judgment which evidences a lien on the property of a defendant represented by a public defender. The word `judgment' was substituted for `statement of claim' by 1977 amendment to the law requiring such judgment to be recorded by the clerk. Originally, a statement of claim representing a public defender assistance lien specifically was to be recorded without a recording fee. There still is no law authorizing a fee for such service. Existing statutes require that the court's judgment issued to pay expenses of defending an improvident defendant must be filed by the clerk, and there is no statement in the law authorizing a fee for such service.
In 1963 the Legislature established a procedure enabling the State of Florida to recover some of the costs of providing public defenders to criminal defendants. Section 3 of Ch. 63-410, Laws of Florida, codified as s. 27.56, F. S. 1963, `created a lien . . . upon all the property . . . of any person who . . . has received any assistance from any public defender' and provided that `[s]uch assistance shall constitute a claim against the [recipient] and his estate, enforceable according to law in an amount to be determined by the court in which such assistance was rendered.' The statute required that
 [i]mmediately after such assistance is rendered and upon determination of the value thereof by the court, a statement of claim . . . shall be filed for record in the office of the clerk of the circuit court in the county where the recipient resides and in each county in which such recipient then owns or later acquires any property . . . . Said liens shall be enforced on behalf of the state . . . by the . . . public defenders . . . . (Emphasis supplied.)
This act was amended twice (not here relevant) prior to the 1977 amendments which have prompted your question. The substance of the 1977 amendments was twofold: To expand the coverage of the lien created and its claim for services to include assistance from appointed private legal counsel and assistance from regular or special public defenders to minor children and to change the entity in whose behalf the lien is created from the state to the county and authorize enforcement of the lien by the board of county commissioners rather than by the public defenders. At the same time, the term `judgment' was introduced into the section. (It could be noted that there is no mention of this changed terminology in the title or summary of the act, Ch. 77-264, Laws of Florida; in the title or summary of the bill, S.B. 182; or in the summary and analysis of the bill made by the staff of the Senate Committee on Corrections, Probation, and Parole, to which the bill was assigned. The legislative history is silent concerning the reason for this change.) There were no 1978 amendments relevant to your question. None of these changes was directed at the clerk's recording duty established in s. 3, Ch. 63-410, Laws of Florida, and carried forward in the most recent enactments. As far as the clerk's duties under s. 27.56, F. S., are concerned, the mechanics of the procedure have remained unchanged from 1963 up to, and including, the 1977 and 1978 legislative sessions.
Section 27.56(2), F. S., now provides:
 (a) When payment of attorney's fees or costs has been ordered by the court, there is hereby created in the name of the county in which such assistance was rendered a lien, enforceable as hereinafter provided, upon all the property, both real and personal, of any person who:
 1. Has received any assistance from any public defender of the state or from any appointed private legal counsel; or
 2. Is a parent of a minor child who is being, or has been, represented by any public defender of the state or by any special assistant public defender. Such lien shall constitute a claim against the defendant-recipient or parent and his estate, enforceable according to law, in an amount to be determined by the court in which such assistance was rendered.
 (b) Immediately after the issuance of an order for the payment of attorney's fees or costs, a judgment showing the name and residence of the defendant-recipient or parent of said minor child shall be filed for record in the office of the clerk of the circuit court in the county where the defendant-recipient or parent of said minor child resides and in each county in which such defendant-recipient or parent of said minor child then owns or later acquires any property. Said judgments shall be enforced on behalf of the county by the board of county commissions of the county in which assistance was rendered. (Emphasis supplied.)
Your question implies that, by substitution of the word `judgment' in this section, the clerk may now be authorized or required to charge a fee for recording the document referred to therein because of the authority provided in s. 28.222, F. S., for the clerk of the circuit court as county recorder to charge a fee upon presentation of certain instruments for recording, among which are `judgments.'
When the public defender assistance liens were first created in 1963, a question very similar to yours was addressed to one of my predecessors in office. It was then concluded that the statementof claim provided for in s. 3 of Ch. 63-410, Laws of Florida, (by him characterized as the `statement of lien') `being filed by the state . . . must be accepted, filed and recorded by the clerks . . . without the payment of any fees or costs, unless and until provision be made [by law] for such payments.' (Emphasis supplied.) Attorney General Opinion 063-90. That opinion noted that nothing found in the statute provided for the payment of clerks' fees for filing and recording the statement of claim and applied the settled rule of law that public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law. When no compensation is so provided, the rendition of such services is deemed to be gratuitous.
It is still the rule that fee statutes are to be strictly construed, and `for fees to be collected by an officer the law must clearly provide for such.' Bradford v. Stoutamire,38 So.2d 684 (Fla. 1948); accord: Rawls v. State, 122 So. 222 (Fla. 1929), and State v. Fussell, 24 So.2d 804 (Fla. 1946); see also AGO 079-8 and the authorities cited therein which are applicable to your question. It is equally well established that the clark of the circuit court is a ministerial officer of the court whose duties are provided by law, s. 5(c), Art. II, State Const., and that the actions of the clerk are entirely dependent on statutory authority. Security Finance Co. v. Gentry, 109 So. 220 (Fla. 1926).
Fees for the clerk are not expressly provided in s. 27.56(2), F. S., and, since it was concluded in AGO 063-90 that the `statement of claim' must be recorded by the clerk without charge because of the absence of any fee provision, your question could be restated to ask whether, by changing the term `statement of claim' to `judgment,' the Legislature intended that clerks should charge a recording fee for filing the document issued pursuant to s. 27.56(2)(b).
It is well settled in Florida that `[t]he intent of a statute is the law, and that intent should be duly ascertained and effectuated.' (Emphasis supplied.) American Bakeries Co. v. Haines City, 180 So. 524, 532 (Fla. 1938). Numerous cases have applied this fundamental rule of statutory construction that the intent of a statute is the law and should be determined from the language used therein. See, e.g., Small v. Sun Oil Co., 222 So.2d 196 (Fla. 1969); Overman v. State Board of Control, 71 So.2d 262 (Fla. 1954); Richardson v. City of Miami, 198 So. 51 (Fla. 1940); and State v. Knight, 124 So. 461 (Fla. 1929). A related principle is that a statute should be so construed and applied as to give effect to the evident legislative intent, even if the result seems contradictory to rules of construction or the strict letter of the statute. Beebe v. Richardson, 23 So.2d 718 (Fla. 1945). Florida courts have also stated that `[i]n the drafting of a statute there is no magic in the presence or absence of a particular word,' Scenic Hills Utility Co. v. City of Pensacola, 156 So.2d 874, 876
(1 D.C.A. Fla., 1963), and that amendments do not necessarily have to add to or subtract from the substance of a statute, but can serve to clarify rather than change the original act. Seaboard Coast Line Railroad Company v. O'Conner, 229 So.2d 663 (2 D.C.A. Fla., 1969).
Applying these principles to your question, it becomes evident that, if no fee was expressly provided in the statute creating the clerk's recording duty and if none was intended by the Legislature, no fee can be charged and the duty or service must be performed without charge.
The statute in question was originally enacted, and has been reenacted over the years, as part of the chapter pertaining to public defenders in the state court system. The clerk's recording duty is created by the same law which created the requirement that a judgment be issued. The statute provides simply that the court's judgment `shall be filed for record in the office of the clerk of the circuit court.' I fail to see how the clerk could refuse to do so even if no recording fee or service charge is tendered. No `presentation' is required or contemplated which might bring the clerk's function under the provisions of ss. 28.222 and 28.24, F. S., authorizing fees to be charged by the clerk as ex officio county recorder.
By way of contrast, note the language of the alternative procedure for establishing the lien created in s. 27.56(2), F. S. In subsection (3) the court is authorized to require the defendant-recipient or parent of a minor child `to execute' a lien which shall be recorded in the public records of the county. However, this subsection expressly provides that the recording shall be performed at no charge by the clerk of the circuit court. In my opinion, this express denial of a fee for thealternative procedure is consistent with the reading that the recording pursuant to subsection (2) should also be performed without charge. It is possible that a lien executed pursuant to subsection (3) could be `presented' for recording by the defendant-recipient or parent, in which case a clerk might reasonably believe that a fee was authorized or required pursuant to ss. 28.222 and 28.24, F. S. To remove any such ambiguity, the Legislature declared there would be no fee. Such ambiguity simply does not exist in subsection (2). The judgment is rendered by the court and is received by the clerk for recording directly from the court. There is no need to deny the existence of a fee for such a procedure; there is no one from whom the clerk could reasonably expect to collect a fee.
Moreover, the judgment so named in s. 27.56, F. S., is not the same as a `judgment' within the meaning of s. 28.222(3)(c), F. S., for which a recording fee may be charged. Florida cases have recognized the difference between judgments which form the basisof a lien and judgments which give evidence of and establish apreexisting lien that merges into a judgment subsequently issued. In Smith v. Venus Condominium Ass'n, Inc., 352 So.2d 1169,1170-1171 (Fla. 1978), the court stated:
 At common law, except for debts due the King, the lands of a debtor were not liable to the satisfaction of a judgment lien against him, and consequently, a judgment did not operate as a lien on the real estate of the debtor. Judgment liens on land are statutory liens and their existence depends upon the legal effect of the statute by which they are created. (Emphasis supplied.)
In that case the court was referring to s. 55.10, F. S., which provides that an ordinary judgment, e.g., a civil money judgment,becomes a lien on real property when a certified copy of it is recorded in the official records of the county where the property is located. When the certified copy of that judgment is presented to the clerk for recording, the clerk is expressly authorized to require the appropriate service charge pursuant to s. 28.24, F. S. In an earlier case the Supreme Court ruled that the recording requirement of the statutory precursor to s. 55.10 did not apply to judgments enforcing preexisting statutory liens against specific property.
 The purpose of [Ch. 19270, 1939, Laws of Florida] was not to abrogate or destroy a lien which had become merged in a judgment or decree but was for the purpose of establishing and attaching a lien under judgments and decrees in cases where no specific statutory or contract lien was the basis of the judgment or decree.
 [In judgments rendered upon] a preexisting lien the establishment of the lien is accomplished by the judgment or decree and the lien foreclosed is by the judgment of the court merged into the judgment or decree. The adjudication and establishment of such liens in such decree is a matter of judicial ant not legislative cognizance.
Nassau Realty Co. v. City of Jacksonville, 198 So. 581, 582-583
(Fla. 1940). Thus, the recording of the judgment issued pursuant to s. 27.56(2), F. S., is performed by the clerk as officer of the court which issued the judgment and not as a function of the county recorder presented with a judgment for recording to createa lien according to the statutory requirement of s. 55.10.
Furthermore, if the Legislature had intended to provide a fee in this procedure, it could easily have done so in the 1977 amendments or at any time after the procedure was originally established. The legislative history of the 1977 amendments gives no indication that the Legislature attached any significance — for fee purposes or otherwise — to the introduction of the word `judgment' into the questioned section. The effect of the changed term is that the clerk now files a judgment, rather than a statement of claim, evidencing the lien created by s. 27.56(2), F. S. Attorney General Opinion 063-90 addressed your question when the document filed was termed a statement of claim. That opinion continues to be valid and, as amplified or expanded herein, controls the answer to your question. The court's document into which the preexistent statutory lien has merged and by which its establishment was accomplished is now called a judgment and it should continue to be `filed for record' by the clerk whoutcharge.
In summary, therefore, the judgment provided for in, and issued pursuant to, s. 27.56(2)(a) and (b), F. S., should be filed and recorded without charge unless and until a recording fee is provided by law. Introduction of the word `judgment' in s. 27.56(2)(b) does not manifest a legislative intent to authorize or require a fee for recording same where none had heretofore been provided.
Prepared by:
Carol Z. Bellamy Assistant Attorney General