**PETER GESSNER, et al., Constituting the Board of County Commissioners of Volusia County Florida, v. DEL-AIR CORPORATION.**

17 So. (2nd) 522                       January Term, 1944
June 6, 1944                                 Division B

*Charles W. Luther,* for appellants.

*Neil S. Jackson,* for appellee.

THOMAS, J.:

May property no longer needed or used for county purposes be sold by the Board of County Commissioners? Such was the question propounded in a petition for a declaratory decree, and the chancellor answered it in the negative.

It seems well established by decisions of this Court that the county commissioners have only such powers as are granted them by statute, Parker v. Evening News Publishing Co., 54 Fla. 544, 45 So. 309, may exercise only the authority conferred by statutory regulations, Bowden v. Ricker, 70 Fla. 154, 69 So. 694, and by the Constitution itself, State v. Wheat, 103 Fla. 1, 137 So. 277. Moreover, where "there is doubt as to the existence of authority, it should not be assumed." White v. Crandon, 116 Fla. 162, 156 So. 303.

Though we may not saunter and need not grope, we will make our way carefully through the Legislative acts to determine whether, in consequence of Section 5, Article VIII, of the Constitution providing that "The powers, duties and compensation of such county commissioners shall be prescribed by law," the Legislature has delegated to them power or authority to convey property which has become useless for county purposes.

It was decided in Martin v. Townsend, 32 Fla. 318, 13 So. 887, that a deed of land executed in 1852 by county commissioners was valid. A history of legislation on the subject, however, does not lead to the conclusion that the rule there announced still prevails. By Chapter 678, Acts of the Legislative Council of the Territory of Florida, approved 17 February 1833, county courts composed of the county judge and two justices of the peace, or of three justices if the judge did not appear, held regular sessions for the transaction of county business and during these terms had "power to sell and dispose of" county land. This law is reported at page 275 of Duval's Compilation of the Public Acts of the Legislative Council of the Territory of Florida (1839). Later under an act organizing boards of county commissioners, Chapter 11, Acts and Resolutions of the First General Assembly, approved 26 July 1845, the commissioners were given the powers appertaining to "County Courts when sitting for County purposes." This Act appears in Thompson's Digest (1847) at page 126. See also Chapter XXXVIII, page 207, Bush's Digest (1872). So upon the advent of boards of county commissioners as part of the state government they were vested with authority to sell county property, and it remained in them, so far as we can learn, until the passage of Chapter 1882, Laws of Florida, Acts of 1872, when the Legislature evidently asembled and collated various acts defining the powers, duties, and functions of such boards. In McClellan's Digest covering the period from 1822 until 1881 this law was incorporated verbatim except that the term of licenses for toll bridges and ferries was increased from five to ten years. In The Revised Statutes of 1892 again appeared the enumerated general powers of boards of county com-

missioners, with moderate changes in the paragraphs referring to bonds of county officers, levy of taxes, and audits of accounts, and with sections added providing for the care of bridges, imposition of sentence for contempt, and the adoption of a seal. As thus altered they were incorporated in The General Statutes of the State of Florida (1906) with slight revisions in the construction of five paragraphs. In The Revised General Statutes of Florida (1920) no amendment appeared except the requirement that county buildings be insured in the names of the boards instead of the county treasurers.

The latest compilation of our laws, Section 125.01, Florida Statutes, 1941, and F.S.A. contains fifteen subsections specifying the powers and duties presently reposing in these officers. Some of them are identical with those appearing in Chapter 1882, supra; some have been revised; some have been added; but none has been found by us or cited to us bestowing the power to sell real property. The sixteenth subsection, general in its nature, is exactly the same as the thirteenth subsection appearing in the original act and in McClellan's Digest except that the words we are italicizing have been deleted: "To perform all other acts and duties which may be authorized *and required* by law." From our examination we conclude that by the Act of 1872 the power to dispose of property was omitted, and has not been restored. Without such legislative delegation the commissioners could not convey.

The rule we have invoked has been recognized by other appellate courts. In Jefferson County v. Grafton, 74 Miss. 435, 21 So. 247, 36 L.R.A. 798, the court posed the question whether a board of supervisors had the power to sell the property. Cited was a section of the code enumerating its powers and specifying that it should have such others as might be conferred by law, a provision very similar to the last subparagraph of Section 125.01, supra. The Mississippi court answered the question in the negative, referring to the case of West Carroll v. Gaddis, 34 La. Ann. 928, which had later been followed by the Supreme Court of Louisiana in Dupuy v. Police Jury of Iberville, 116 La. 783, 41 So. 91. The

decision from the Supreme Court of Mississippi is given as authority for the statement in 14 A, Jur., Counties, page 207, that "Ordinarily, a county cannot, without legislative authority, dispose of real property after it has been acquired and devoted to public service."

We have examined the cases cited by the appellants, Platter v. Elkhart County, 103 Ind. 360, 2 N. E. 544, and Keatley v. Summers County Court, 70 W. Va. 267, 73 S. E. 706, but, because of the obvious difference between the statutes in those states and ours, they do not persuade us to deviate from the rule long since announced.

The chancellor committed no error in dismissing the petition for declaratory decree, and his order is—

Affirmed.

BUFORD, C. J., BROWN, and SEBRING, JJ., concur.