QUESTION: May a board of county commissioners impose an annual charge for the use of county and secondary road rights-ofway by public utilities under the provisions of s. 125.42, F. S.?
SUMMARY: The board of county commissioners does not have the authority pursuant to s. 125.42, F. S., to impose an annual charge in the nature of a rental for the use of the county and secondary road rights-of-way by public utilities. Section 125.42(1), F. S., provides: (1) The board of county commissioners, with respect to property located without the corporate limits of any municipality are authorized to grant a license to any person or private corporation to construct, maintain, repair, operate and remove lines for the transmission of water, sewage, gas, power, telephone and other public utilities under, on, over, across and along any county highway or any public road or highway acquired by the county or public by purchase, gift, devise, dedication, or prescription . . . . (Emphasis supplied.) The Florida Constitution, s. 1(f), Art. VIII, provides that noncharter counties, such as St. Lucie County, may exercise only those powers granted by general or special law. It is assumed that the annual charge to which you refer is in the nature of a rental of such public properties to public utilities. The statute, s. 125.42(1), F. S., is clear in authorizing the board of county commissioners to grant a "license." A license in real property may be defined as a personal, and ordinarily revocable assignable privilege conferred either by writing or parol to do one or more acts on land without possessing any interest therein. In other words, a license in real property is a mere permit to do something on the land of another; it does not imply an interest in his land. [11 Fla. Jur. Easements and Licenses s. 2.] A license is distinguishable from a lease in that a lease conveys an interest in land and transfers possession, and may be required to be in writing, where the period is sufficient to bring it within the statute of frauds. [25 Am. Jur.2d Easements and Licenses s. 123.] The Florida Supreme Court summed up the authority of the board of county commissioners well in Gessner v. Del-Air Corp.,17 So.2d 522 (Fla. 1944): It seems well established by decisions of this court that the county commissioners have only such powers as are granted them by statute [cite omitted], may exercise only the authority conferred by statutory regulations [cite omitted], and by the constitution itself [cite omitted]. Moreover, where "there is doubt as to the existence of authority, it should not be assumed." [Cite omitted]. It is apparent from the discussion above that the power to license is not equivalent to the power to lease and that s. 125.42, F. S., does not authorize the board of county commissioners to exercise the latter power. Your question is answered in the negative.