Betty Lynn Lee Broward County General Counsel Fort Lauderdale
QUESTION:
Do animal control agents appointed pursuant to s. 828.03, F. S., have the authority to issue citations or notices to appear to alleged violators of the animal control law?
SUMMARY:
Animal control agents appointed by a county under s. 828.03, F. S., have no powers to take custody of the owner of a neglected or cruelly treated animal, to arrest such owner for a criminal violation, to issue notices to appear in lieu of physical arrest, or to serve notices in the nature of civil process upon such owner in connection with animal custody proceedings provided for in s. 898.073, F.S. The power to arrest persons without a warrant for violations of the cruelty to animals statutes is exclusively vested in the sheriffs and other peace officers under s. 828.17, F. S.
Your question, as stated, is answered in the negative.
For purposes of this opinion I assume that your question relates to notices to appear issued upon or immediately after an arrest of an owner of an animal for violations of the criminal laws proscribing cruelty to animals. A notice to appear is a written order issued by a law enforcement officer in lieu of physical arrest. Rule 3.125(a) RCrP; see also s. 901.27, F. S. If a person is arrested on a misdemeanor charge or for violation of a county or municipal ordinance triable in county court, and makes no demand to be taken before a magistrate, then the arresting officer
or booking officer, as the case may be, may issue a notice to appear. Rule 3.125(b) and (c) RCrP; see also s. 901.28, F. S. Such notice to appear is issued immediately upon the arrest or immediately upon completion of the investigation by the booking officer, as the case may be, and the arrested person is then released from custody. Rule 3.125(d) RCrP. The chiefs of the respective law enforcement agencies having jurisdiction are required to establish rules and regulations of procedure governing the exercise of authority to issue notices to appear in order to implement the provisions of Rule 3.125, or ss. 901.27 through 901.32, F.S. Rule 3.125(i) RCrP; s. 901.28(6), F. S. County-appointed animal control agents are obviously not chiefs of law enforcement agencies within the contemplation of these rules of procedure and statutes; neither are they vested by law with any rulemaking power. Rule 3.125 RCrP and s. 901.28, F. S., merely describe a procedure to be used in lieu of physical arrest, and do not vest powers of arrest in any person. The law enforcement officers referred to in the rule and statute must independently possess the power of arrest under some other statute, or must independently have the status of a peace officer or conservator of the peace by operation of law. These law enforcement officers may issue notices to appear only incidental to an arrest for a criminal violation.
The power to arrest persons without a warrant for violations of the cruelty to animals statutes is exclusively vested in the sheriffs and other peace officers under s. 828.17, F. S. No other persons, including county-appointed animal control agents, are granted this power.
Section 828.03, F. S. (1976 Supp.), permits counties to appoint animal control agents for the purpose of investigating violations of Ch. 828, F. S., or any other law of the state for the purpose of protecting animals or preventing any act of cruelty thereto. This law does not vest such agents with arrest powers, nor does it designate them to be peace officers or conservators of the peace. Section 828.073(2), F. S. (1976 Supp.), authorizes such animal control agents to take custody of neglected or cruelly treated animals, and to petition the county judge for a hearing to determine the owner's fitness to have custody of such animals and ability to provide adequately for the animal. Section 828.073(3), F. S. (1976 Supp.), requires an animal control agent taking custody of an animal as provided in subsection (2) to have written notice served on the power in conformance with Ch. 48, F. S. Chapter 48 relates exclusively to service of civil process, and requires service by the sheriff or a special process server appointed by the sheriff. Section 48.021, F. S. (1976 Supp.). This section does not empower an animal control agent to serve such notice; he or she only causes the notice to be served. Finally, nothing in s. 828.073, F. S. (1976 Supp.), purports to vest animal control agents appointed pursuant to s. 828.03, F. S. (1976 Supp.), with any powers whatsoever to arrest the owner of a neglected or cruelly treated animal, or to in any way take into custody the owner of such animal.
Under established rules of administrative law and of statutory construction, county officers or agents have only such authority as is expressly granted, or granted by necessary implication in a statute. Where there is doubt, the existence of a power should not be assumed. Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944). A statutory enumeration of power operates to prohibit the exercise of powers not expressly mentioned. Thayer v. State, 335 So.2d 814 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). A statutory directive that a thing be done in a certain way operates to prohibit its being done any other way. Alsop v. Pierce,19 So.2d 799 (Fla. 1944). Under these rules county-appointed animal control agents may exercise only those powers specically conferred in them by statute, and have no powers to take custody of the owner of a neglected or cruelly treated animal or to arrest him for a criminal violation, to issue notices to appear in lieu of physical arrest, or to serve notices in the nature of civil process upon animal owners in animal custody proceedings provided for in s. 828.073, F. S.
Prepared by: David K. Miller, Assistant Attorney General