Mr. Bobby L. Jones Director, Public Safety Department Metropolitan Dade County
QUESTIONS:
1. Does s. 30.09(4)(d), F.S. 1979, providing for the appointment of special deputy sheriffs for the transportation and guarding of prisoners without the power of arrest, constitute a requirement that private contractors returning prisoners extradited from other states to Florida for a Florida sheriff be appointed special deputy sheriffs?
2. If these private contractors must be appointed as special deputy sheriffs, does s. 30.09 require those special deputies to possess the police minimum standards certification required by the Police Standards and Training Commission?
SUMMARY:
A sheriff, or other county officer performing the functions of the office of sheriff as prescribed by general law, is not empowered by law to enter into contractual arrangements with private air transport companies for the return of extradited prisoners to this state or to compensate them therefor or appoint them as the agent of the sheriff for such purposes, or to lawfully expend county funds in the performance of such statutorily unauthorized operations.
Your letter states that the Dade County Public Safety Department wishes to contract with certain private concerns to provide secure air transportation of extradited prisoners back to Florida in lieu of utilizing regular deputy sheriffs for the purpose of fulfilling the traditional duties of a county sheriff in returning extradited prisoners to the county jurisdiction from out of state. You also state that such private transport companies would face difficulty in providing such services at a reasonable price if their employees must be special deputy sheriffs and possess the minimum requirements established by the Police Standards and Training Commission. You ask if an employee of such private contractors must be appointed as a special deputy pursuant to s. 30.09(4)(d), F.S., and meet the minimum requirements established for law enforcement officers by the Police Standards and Training Commission as provided for by s. 30.09, F.S. These facts raise the threshold question of whether sheriffs have the requisite statutory authority to make such contractual arrangements for the return of extradited prisoners to the affected county jurisdiction from without the jurisdictional and territorial limits of the State of Florida. Finding as I do a complete lack of such statutory authorization, a negative resolution of the threshold issue renders moot your questions as stated.
Section 5(c), Art. II, 1968 State Const., requires that `[t]he powers [and] duties . . . of state and county officers shall be fixed by law,' i.e., by a statute enacted by the state Legislature. Neither ch. 30, F.S., the Uniform Interstate Extradition Law (ss. 941.01-941.42), nor any other law drawn to my attention, empowers the sheriffs to enter into contractual arrangements with private air transport companies for the return of extradited prisoners to the State of Florida or to compensate such companies therefor or to appoint such private concerns as the agent of the sheriff for such purposes.
It is well settled that county officers such as sheriffs (the Director of the Public Safety Department of Metropolitan Dade County performs the functions of the office of sheriff as prescribed by general law, see Dade County v. Kelly, 153 So.2d 822
(Fla. 1963)) have no inherent powers and have only such authority as may be expressly granted by statute or necessarily implied from an express grant of authority or imposition of duty. Lang v. Walker, 35 So. 78 (Fla. 1903); Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944); and AGO's 075-161, 078-46, 078-93, 078-122, 078-151 and 079-17 (all of which deal with sheriffs); cf. AGO's 078-77, 078-135, 079-47, 079-69 and 078-78 (the rationales of which and the principles of law enumerated therein, though applied to other state and county officers in other factual circumstances, are equally applicable to sheriffs). Moreover, a public officer can make only such contracts as are expressly or impliedly authorized by statute, and the power to appoint agents or enter into contractual relations with them is a governmental power which rests with the Legislature, the delegation of which is a legislative prerogative. See AGO's 068-6, 068-44, 078-77, 078-95, and the authorities cited therein. In the instant case the governing statutes make no mention whatsoever of any functions or contractual arrangements such as those implicit in your questions and do not expressly or by necessary implication authorize sheriffs to enter into contractual arrangements with private air transport companies for the return of extradited prisoners to the State of Florida, or to compensate them therefor, or to appoint them as the agent of the sheriff for such purposes. Lacking the requisite statutory authority therefor, there is no lawful basis for sheriffs to make such appointments or contractual arrangements or to expend county funds in the performance of such statutorily unauthorized operations. Cf. AGO's 076-191, 078-151, 079-17; seealso AGO 071-28. Parenthetically, it should be noted that s.30.24, F.S., is the only statutory authority for the payment of mileage and necessary expenses of a sheriff when he is required to be beyond the limits of this state to bring back prisoners who have been charged with any offense or who have been convicted of any crime in this state and have escaped. This statute applies only to sheriffs or their duly appointed deputies.
Prepared by: William D. Hall, Jr., Assistant Attorney General