Mr. John A. Madigan, Jr. General Counsel, Florida Sheriffs Association
QUESTION:
Pursuant to s. 219.075, F.S. (1980 Supp.), may a sheriff's office invest surplus funds in a `Government Fund' created and managed by a commercial investment firm?
SUMMARY:
Section 219.075, F.S. (1980 Supp.), does not authorize a sheriff's office to invest its surplus funds in a `Government Fund' created and managed by a commercial investment firm even though the prospectus of such firm provides that the fund it is managing may not purchase securities other than U.S. Treasury Bills, notes, and other obligations issued or guaranteed by the United States or one of its agencies.
Your question is answered in the negative.
You inquire as to whether a sheriff is authorized by s. 219.075, F.S. (1980 Supp.), to invest his office's surplus funds in a `government fund' created and managed by a commercial investment firm. Investments of the `fund' would be limited to the purchase of securities such as United States Treasury Bills, notes, and other obligations issued or guaranteed by the United States or one of its agencies. However, the investment would not be a direct purchase of such securities but rather a purchase of a share in this `government fund' which would entitle the sheriff's office to receive interest from `fund' investments.
Section 219.075, F.S. (1980 Supp.), provides in pertinent part:
 (1)(a) Except when another procedure is prescribed by law or by ordinance as to particular funds, a tax collector or any other county officer having, receiving, or collecting any money, either for his office or on behalf of and subject to subsequent distribution to another officer of state or local government, while such money is surplus to current needs of his office or is pending distribution, shall invest such money, without limitation, in:
 1. The Local Government Surplus Funds Trust Fund, as created by s. 218.405;
 2. Bonds, notes, or other obligations of the United States guaranteed by the United States or for which the credit of the United States is pledged for the payment of the principal and interest or dividends; or
 3. Interest-bearing time deposits or savings accounts in banks organized under the laws of this state, in national banks organized under the laws of the United States and doing business and situated in this state, in savings and loan associations which are under state supervision, or in federal savings and loan associations located in this state and organized under federal law and federal supervision, provided that any such deposits are secured by collateral as may be prescribed by law. (Emphasis supplied.)
This statute authorizes and requires a sheriff, as `any other county officer,' to invest funds surplus to current needs of his office in one or the other of three different types of investments. First, s. 219.075 authorizes any county officer having surplus funds to invest surplus funds in the Local Government Surplus Funds Trust Fund as created by s. 218.405, F.S. Such investment would place a sheriff's surplus funds in the State Trust Fund which is administered by the State Board of Administration. This investment alternative would effectively delegate to the State Board of Administration the authority and responsibility for administering and accounting for the invested surplus funds and relieve the sheriff's office of the administrative burden or details associated with such investments. Second, a sheriff is authorized by the statute to invest his office's surplus funds in bonds, notes, or other obligations of the United States guaranteed by the United States or for which the credit of the United States is pledged for the payment of the principal and interest or dividends. Third, s. 219.075, F.S. (1980 Supp.), was amended in 1979, ch. 79-262, Laws of Florida, to permit investment of surplus funds in interest-bearing time deposits or savings accounts in specified banks and savings and loan associations located in this state, provided that any such deposits are secured by collateral as may be prescribed by law.
A sheriff is a county officer whose powers and duties are prescribed by statute, and as such possesses only such authority as has been expressly granted by statute or is necessarily implied in order to carry out same function expressly imposed or authorized by statute. See AGO's 081-29, 079-17, and 078-151. Seealso s. 5(c), Art. II, State Const., which provides that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' Cf. Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); White v. Crandon, 156 So. 303
(Fla. 1934); Lang v. Walker, 35 So. 78 (Fla. 1903) (powers, duties, and compensation of sheriffs dependent upon legislative action); and 67 C.J.S. Officers s. 190. Thus, the sheriff is authorized and required to invest surplus funds of his office only as permitted by s. 219.075, F.S. (1980 Supp.), or other provision of law. The rule of statutory construction, expressio unius estexclusio alterius (express mention of one thing is the exclusion of another), is applicable to this situation. Where a statute enumerates the things upon which it is to operate, it is to be construed as excluding from its operation all those things not expressly mentioned. A legislative direction as to how a thing is to be done is, in effect, a prohibition against it being done in any other way. See Thayer v. State, 335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). Section 219.075, F.S. (1980 Supp.), authorizes and requires a sheriff to invest his office's surplus funds in the Local Government Surplus Funds Trust Fund, in bonds, notes, or other obligations of the United States guaranteed by the United States or for which the credit of the United States is pledged for the payment of the principal and interest or dividends, or finally, in interest-bearing time deposits or savings accounts in specified banks and savings and loan associations located in this state provided that any such deposits are secured by collateral as may be prescribed by law.
Prepared by: Craig Willis, Assistant Attorney General