The Honorable John B. Dunkle Clerk of the Circuit Court Palm Beach County 300 North Dixie Drawer H West Palm Beach, Florida 33402
Dear Mr. Dunkle:
This is in response to your request for an opinion on substantially the following question:
 IS PALM BEACH COUNTY AUTHORIZED OR REQUIRED TO PAY THE COSTS AND EXPENSES INCURRED BY THE STATE ATTORNEY'S OFFICE IN TAKING A DEPOSITION IN A CIVIL ACTION PURSUANT TO CH. 895, F.S.?
Your letter states that the state attorney for your circuit has filed a civil action pursuant to Ch. 895, F.S., the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, seeking injunctive relief. To assist in preparing the state attorney's case an assistant state attorney was sent to New York to take a deposition. You inquire as to whether Chs. 895, 939 or 142, F.S., or any other statute permits payment by the county of the costs and travel expenses incurred in taking this deposition.
With regard to the payment of per diem and travel expenses for state attorneys and their assistants, s 27.271(1), F.S., provides that `[e]ach state attorney and assistant state attorney shall be entitled to receive per diem and mileage as provided in s.112.061, for travel on official business within or outside the state.' Pursuant to s 112.061, F.S., payment and reimbursement of expenses for per diem and traveling expenses incurred by authorized persons are the duty and responsibility of the agency or department employing such persons and not the responsibility of a county. Counties and municipalities are specifically forbidden to contribute or appropriate funds to the operation of state attorney's offices except to pay the salary of one assistant state attorney to prosecute violations of special laws or ordinances of the county or municipality, s 27.34(1), F.S.; to provide office space, utilities, telephone service, custodial services, library services, transportation services and communication services to the state attorney within their judicial circuits, s 27.34(2), F.S.; or to pay a county supplement to the state attorney's salary in narrowly defined circumstances, s 27.34(3), F.S. Travel expenses of the state attorney and assistant state attorneys are to be included as an item of anticipated expense when each state attorney submits an annual report to the Executive Office of the Governor showing an estimate of operational expenses for the next fiscal year. Section 27.33, F.S. No provision in Ch. 27, F.S., regarding state attorneys, or s 112.061, F.S., which deals with reimbursement of travel expenses and per diem for public officials or Ch. 895, F.S., places any duty on or authorizes the county to pay these costs or expenses incurred in a civil proceeding under the RICO Act.
As to the payment of costs or expenses in criminal cases, several statutory provisions provide for the payment of costs by the county. See, s 939.07, F.S., which provides for payment by the county of the defendant's witnesses when the defendant is insolvent or discharged; s 939.08, F.S., which states that an itemized bill or statement of the costs, fees or expenses other than juror or witness fees which are payable by the county shall be submitted to the county commissioners and must be approved and the correctness thereof certified by the county commissioners; s 939.15, F.S., which requires the county to pay the costs in a criminal action in which the defendant is insolvent or discharged upon presentation to the county commissioners of a certified copy of the judgment of the court against the county for such costs; s142.01, F.S., providing for payment of funds from the county fine and forfeiture fund only for criminal expenses, fees and costs when such expenses are a legal claim against the county as provided for in Ch. 142, F.S.
Florida Rule of Criminal Procedure 3.220, which deals with discovery procedure in criminal cases, provides that `[a]fter a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.' F.R.Cr.P. 3.220(k). Subsection (d) of this rule sets out the procedure for taking discovery depositions after an indictment or information has been filed and comes within the provision for payment of costs by the county. Again, this provision applies to criminal litigation, not civil cases. See also, AGO 072-39 which concludes that the expense of a pretrial preliminary hearing or criminal investigation does not ordinarily become a `court cost' and thus is not required to be paid by the county except pursuant to F.R.Cr.P. 3.220(k); and AGO 058-313 which states that the county's obligation to pay the legal expenses and fees of a criminal prosecution if the defendant is insolvent or discharged begins only after an indictment has been found or an information has been filed against an accused person and that it is the duty of the state to pay the costs of criminal law enforcement prior to that time. A county is required to pay only those expenses incurred in actual trial proceedings in a criminal action and not expenses incurred in preliminary investigations by the state attorney prior to the finding or filing of an information or indictment charging the commission of a crime. See, AGO 071-26 which involved preliminary and grand jury proceedings; AGO 072-39 involving the expenses of a reporter in taking and transcribing preliminary hearings and depositions in criminal proceedings; and AGO 075-271 regarding payment of the expense of copying or taking depositions in which it was concluded, in part, that preindictment and preinformation investigation expenses are not the responsibility of the county unless they are assessable as court costs under an applicable statute or rule.
Unless some statutory authority exists which fixes liability on the county for costs or travel expenses incurred in a RICO civil action filed by the state attorney, the county is under no obligation or duty and is not authorized to pay these expenses. The exercise of power granted by law to counties must be in accord with the grant, and doubt as to the grant or to the extent of the power so granted should be resolved against the county asserting its power. See, Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944), stating that county commissioners have only such powers as are granted them by statute, may exercise only the authority conferred by statutory provisions, and where there is doubt as to the existence of authority it should not be assumed; and
Williams v. Town of Dunnellon, 169 So. 631 (Fla. 1931). My research does not reveal any provision in Florida case law, statutes or rules of procedure nor has any such authority ben brought to my attention which would permit such payment or impose this obligation upon the county. In fact, with regard to travel expenses and per diem, responsibility for payment of these expenses is placed by s 112.061, F.S., on the state attorney's office itself.
Therefore, it is my opinion that, until legislatively or judicially determined to the contrary, Palm Beach County is neither authorized nor required to pay the costs of discovery and travel expenses incurred by the state attorney or his assistants in taking a deposition in a civil action brought by the state attorney pursuant to Ch. 895, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General