Mr. Harold M. Knowles Board Counsel Municipal Code Enforcement Board 528 E. Park Avenue Tallahassee, Florida 32301
Dear Mr. Knowles:
This is in response to your request for an Attorney General's Opinion on substantially the following questions:
 1. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD MAY REFUSE TO EXTINGUISH A LIEN AGAINST PROPERTY CITED AND FINED FOR A VIOLATION OF A MUNICIPAL ORDINANCE WHERE THE FINE IMPOSED BY THE BOARD HAS BEEN PAID BUT THE PROPERTY REMAINS IN NONCOMPLIANCE?
 2. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD MAY LEVY A FINE AGAINST A PERSON WHO IS CITED BY A MUNICIPALITY FOR A CODE VIOLATION BUT WHO BRINGS THE PROPERTY INTO COMPLIANCE BEFORE THE CASE IS PRESENTED TO THE BOARD?
 3. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD IS AUTHORIZED TO IMPOSE AN INITIAL FINE ON A VIOLATOR BASED SOLELY ON ITS FINDING THAT A VIOLATION HAS OCCURRED AND BEFORE THE BOARD HAS ACTUALLY ORDERED COMPLIANCE OR BEFORE THE COMPLIANCE PERIOD HAS EXPIRED?
Your questions are answered in the negative for the following reasons.
The expressed intent of the "Local Government Code Enforcement Boards Act," Ch. 162, F.S., is to promote, protect and improve the health, safety and welfare of the citizens of this state by authorizing the creation of administrative boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing county and municipal technical codes. See, ss 162.01 and162.02, F.S. Pursuant to s 162.03(1), F.S., each county or municipality may, at its option, create or abolish by ordinance such a code enforcement board as provided in Ch. 162, F.S.
The enactment of Ch. 162, F.S., creating administrative enforcement procedures and authorizing the imposition of administrative fines by local governmental bodies was necessitated by the provisions of s 1, Art. V, and s 18, Art. I, State Const., which state that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law. See, AGO 84-55 and authorities cited therein.
The powers of a local government code enforcement board are described by s 162.08, F.S., which states that such board shall have the power to:
(1) Adopt rules for the conduct of its hearings.
 (2) Subpoena alleged violators and witnesses to its hearings. Subpoenas may be served by the sheriff of the county or police department of the municipality.
(3) Subpoena evidence.
(4) Take testimony under oath.
 (5) Issue orders having the force of law to command whatever steps are necessary to bring a violation into compliance.
And see, s 162.07(4), F.S., which provides that at the conclusion of an enforcement board hearing the board shall issue findings of fact and shall "issue an order affording the proper relief consistent with powers granted herein." (e.s.) It is the general rule with regard to administrative officers or agencies that they possess no inherent power and may exercise only such authority as is expressly or by necessary implication conferred by law. See generally, 67 C.J.S. Officers ss 190, 192. See, e.g., Lang v. Walker, 35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944). And see, Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936) (an express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred). In addition, any reasonable doubt as to the lawful existence of a particular power sought to be exercised by an administrative agency or officer must be resolved against the exercise thereof. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493
(Fla. 1973).
In AGO 84-55 this office was asked to consider whether a municipality that has established a local government code enforcement board could require by ordinance that the code enforcement board impose an administrative charge or fee on individuals, businesses or other entities which are found guilty of a violation of one or more of the municipality's technical codes. As I stated in that opinion, s 162.03, F.S., gives local governing bodies the option of creating or abolishing such code enforcement boards by ordinance as provided in Ch. 162, F.S., but does not authorize local governing bodies to regulate such boards or their members except as provided in ss 162.03 and 162.05, F.S. Although s 162.13, F.S., permits a local governing body to enforce its codes by means other than those prescribed in ss162.01-162.12, F.S., no provision of Ch. 162, F.S., delegates any power to local governments or their governing bodies which have created a code enforcement board pursuant to Ch. 162 to enact any legislation to modify or deviate from the provisions of Ch. 162, F.S., or to confer any power or impose any duty or requirement upon the code enforcement boards, their members, or the code inspectors. The duties, functions and powers of the code enforcement boards are set forth in and derived from ss162.07-162.09, F.S., and the local governing body is granted no power to place any additional requirements or impose any additional duties on such boards. As I stated in AGO 84-55 and reiterate here, I cannot say that municipalities derive any power under s 2(b), Art. VIII, State Const., or s 166.021, F.S., to regulate *2675 municipal code enforcement boards or impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed procedures of such boards.
Thus, Ch. 162, F.S., represents a delegation of the power of the Legislature to create a local government code enforcement board as an enforcement mechanism and gives the governing bodies of municipalities and counties the option of creating or abolishing by ordinance such boards which have the powers and duties set forth in that chapter. If the local governing body chooses to utilize this enforcement mechanism and the procedures set forth in Ch. 162, F.S., it is bound by the specific provisions of this chapter regarding enforcement procedures and enforcement boards. Chapter 162, F.S., does not constitute a delegation to local governmental bodies of the Legislature's exclusive power to fix or provide for administrative penalties or the costs of prosecution of legislatively-prescribed enforcement procedures or the collection of such penalties or costs. Thus, a local governmental entity or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its technical codes, in any manner other than that provided in Ch. 162.
Section 162.09, F.S., makes provision for administrative fines and liens and states as follows:
 The enforcement board, upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists or, if the violator does not own the land, upon any other real or personal property owned by the violator; and it may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but shall not be deemed to be a court judgment except for enforcement purposes. After 1 year from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien.
And see, s 162.10, F.S., regarding the duration of liens imposed by such boards. The lien provided for in this section secures and is the method of enforcing the fine imposed for noncompliance with a previous order of the enforcement board. I am not aware of, nor have you brought to my attention, any provision of Ch. 162, F.S., authorizing a code enforcement board to refuse to extinguish a lien against property which has been cited and fined for a violation of a municipal ordinance when the fine imposed by the board has been paid but the property remains in noncompliance. Nor does Ch. 162, F.S., provide for or authorize a code enforcement board to levy a fine against a person who has been cited for a code violation but who brings the property into compliance before the case is presented to the board. Finally, no provision of Ch. 162 empowers the board to levy an initial fine before compliance is ordered or before the period set for compliance has expired.
Therefore, unless and until judicially or legislatively determined otherwise, it is my opinion that a municipal code enforcement board is not authorized to refuse to extinguish a lien against property cited and fined for a violation of a municipal ordinance where the fine imposed by the board has been paid but the property remains in noncompliance. Nor may a municipal code enforcement board levy a fine against a person who is cited by a municipality for a code violation but who brings the property into compliance before the case is presented to the board. Finally, a municipal code enforcement board possesses no authority to impose an initial fine on a violator based solely on its finding that a violation has occurred and before the board has actually ordered compliance or the compliance period has expired.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General