The Honorable Victoria J. Tschinkel Secretary Department of Environmental Regulation Twin Towers Office Building 2600 Blairstone Road Tallahassee, Florida 32301-8241
Dear Secretary Tschinkel:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE DEPARTMENT OF ENVIRONMENTAL REGULATION AUTHORIZED TO PROVIDE A MONETARY AWARD TO AN EMPLOYEE OF THE DEPARTMENT FOR AN INVENTION DEVELOPED BY THE EMPLOYEE WHILE WORKING FOR THE DEPARTMENT WHEN THE INVENTION IS PATENTED AND THEN MARKETED BY THE DEPARTMENT?
According to your letter, the Department of Environmental Regulation is trying to develop an agency patent policy describing the rights of the department and of an employee inventor when the department pursues a patent for an invention developed by an employee while working for the department. You state that the department wants to provide some kind of monetary award to the employee for an invention that is patented and then marketed to encourage such inventiveness within the department.
A state administrative agency or officer possesses no inherent power and may exercise only such authority as is expressly or by necessary implication conferred by law. See, e.g., Lang v. Walker,35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944); AGO's 71-28, 75-299, 78-46, 78-77, 78-94, 78-101, 78-135. See generally, 67 C.J.S. Officers ss. 190, 192. Further, implied powers accorded administrative agencies must be indispensible to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers expressly granted. See, State v. Atlantic Coast Line R. Co., 47 So. 969, 974 (Fla. 1908); Keating v. State,167 So.2d 46, 51 (1 D.C.A. Fla., 1964); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A. Fla., 1974); St. Regis Paper Co. v. State, 237 So.2d 797, 799 (1 D.C.A. Fla., 1970); and Williams v. Florida Real Estate Commission,232 So.2d 239, 240 (4 D.C.A. Fla., 1970). See generally, 1 Am.Jur.2d Administrative Law s. 44, p. 846. If any reasonable doubt exists as to the lawful existence of a particular power, it should not be exercised. See, e.g., White v. Crandon, 156 So. 303, 305
(Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522
(Fla. 1944).
Pursuant to s. 403.061, F.S., the Department of Environmental Regulation is authorized and charged with the duty to control and prohibit the pollution of air and water in this state in accordance with the law and rules and regulations adopted and promulgated by the department. Subsection (4) thereof authorizes the department to
 [s]ecure necessary scientific, technical, research, administrative, and operational services by interagency agreement, by contract, or otherwise. All state agencies, upon direction of the department, shall make these services and facilities available.
The Department of Environmental Regulation is also authorized to "[e]ncourage and conduct studies, investigations, and research relating to pollution and its causes, effects, prevention, abatement, and control." Section 403.061(18), F.S. And see, s.403.061(28), F.S., which, inter alia, empowers the department to perform any other acts necessary to control and prohibit air and water pollution.
These statutory provisions do not expressly authorize the Department of Environmental Regulation to provide a monetary award to an employee of the department for the development of an invention which the department patents and then markets. Further, it does not appear that such authority may be necessarily implied from any express power of the department. Cf., s. 403.414, F.S., creating the pollution control awards program to be administered by the Department of Commerce. And see, s. 240.229(1), F.S., authorizing state universities, in securing letter of patent, to consider the contributions by university personnel in the development of such patents and to "enter into written contracts with such personnel establishing the interests of the university and such personnel in each . . . patent"; s. 240.319(3)(j), F.S., containing a similar provision for community colleges; s.378.101(2)(a) (Florida Institute of Phosphate Research).
In the absence of any express or necessarily implied authority, I must conclude that the Department of Environmental Regulation is not authorized to provide a monetary award to an employee of the department for an invention developed by the employee while working for the department when the invention is patented and then marketed by the department.
However, I would note that, pursuant to s. 110.1245, F.S., the Department of Administration has established a Meritorious Service Awards Program for state employees. These awards are to be presented to employees who:
 (a) Propose procedures or ideas which are adopted and which will result in eliminating or reducing state expenditures or improving operations, or in generating additional revenues, provided such proposals are placed in effect and can be implemented under current statutory authority; or
 (b) By their superior accomplishments, make exceptional contributions to the efficiency, economy, or other improvement in the operations of the state government.
Section 110.1245(1), F.S.
Unless otherwise provided by law, every state agency is authorized to participate in the Meritorious Service Awards Program. Career service employees (see, Part II, Ch. 110, F.S., establishing the career service system) may participate in the component of the program specified in s. 110.1245(1)(a); the component of the program specified in (b) applies to all state employees. And see, Ch. 22A-12, F.A.C. (effective November 27, 1985), promulgated by the Department of Administration to implement the Meritorious Service Awards Program. Rule 22A-12.25, supra, provides for a superior accomplishment program component as follows:
 (1) Awards for superior accomplishments are to recognize employees within a department, division, bureau or subunit for:
 (a) Distinguished, career-oriented achievements which reflect exceptional contributions to state government;
 (b) Significant contributions that benefit state government in the areas of the agency's statutory responsibilities or in the agency's service to the public; or
 (c) Outstanding contributions in achieving results in the areas of the agency's statutory responsibilities.
 (2) Awards for superior accomplishments may be either or both of the following:
 (a) Cash awards shall not exceed $1,000. Savings bonds or other items in lieu of cash may be awarded provided the cost of such items does not exceed the limits specified in this subsection.
 (b) Honor awards shall be an appropriate acknowledgement provided the value shall not exceed $50.
And see, subsection (3) which sets forth specific categories for superior accomplishments. The Department of Environmental Regulation may wish to consider whether the monetary awards program under consideration for implementation by the department may fall within the scope of s. 110.1245, F.S., and the administrative rules implementing the Meritorious Service Awards Program.
In sum, it is my opinion, unless and until legislatively or judicially determined otherwise, that the Department of Environmental Regulation is not authorized to provide a monetary award to an employee of the department for an invention developed by the employee while working for the department when the invention is patented and then marketed by the department unless such service may be included in the Meritorious Service Awards Program established by s. 110.1245, F.S., and implemented by the Department of Administration.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General