Mr. Kenza van Assenderp General Counsel, Florida Tax Collectors Association Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. van Assenderp:
Several tax collectors have asked you to request, on their behalf, the opinion of this office on substantially the following questions:
1. Is the budget of a county tax collector serving as a fee officer subject to the approval of the Department of Revenue, the board of county commissioners, or both?
2. May a tax collector serving as a fee officer establish and operate a branch office to conduct non-county business subject to approval by the Department of Revenue?
In sum:
1. Section 195.087(2), Florida Statutes, places on the Department of Revenue the responsibility of reviewing and approving the budget of the tax collector's office, including capital outlay items that are financed over a period of years and budgetary items relating to collection of ad valorem taxes, non ad-valorem assessments, sales taxes and fees collected on behalf of a state agency.
2. It may be advisable to seek legislative clarification regarding the tax collector's authority to establish branch offices for the purpose of conducting non-county business.
Your inquiry concerns tax collectors operating as fee officers in noncharter counties or in charter counties where the powers and duties of the county constitutional officers remain unchanged.
Question One
Section 218.35(1), Florida Statutes, provides in pertinent part:
"Each county fee officer shall establish an annual budget for his or her office which shall clearly reflect the revenues available to said office and the functions for which money is to be expended."
This office has previously stated that the annual budget established and submitted by the tax collector operating as a fee officer should contain all items of expenditure, including operating capital outlay and equipment.[1]
Section 195.087(2), Florida Statutes, sets forth the procedure for approval of the budget of a tax collector, providing in part:
"On or before August 1 of each year, each tax collector, regardless of the form of county government, shall submit to the Department of Revenue a budget for the operation of the tax collector's office for the ensuing fiscal year, in the manner and form prescribed by the department. A copy of such budget shall be furnished at the same time to the board of county commissioners. The department shall examine the budget and, if it is found adequate to carry on the work of the tax collector, shall approve the budget and certify it back to the tax collector. If the department finds the budget inadequate or excessive, it shall return such budget to the tax collector, together with its ruling thereon. The tax collector shall revise the budget as required and resubmit it to the department. After the final approval of the budget by the department, there shall be no reduction or increase by any officer, board, or commission without the approval of the department. . . ."
Section 195.087(2), Florida Statutes, does not apply:
"1. in a county in which the office of tax collector has been abolished and the duties of that office have been transferred to another office pursuant to section 1(d), Article VIII,, Florida Constitution;
2. in a county in which a resolution is in effect pursuant to section 145.022, Florida Statutes;[2] or
3. in any charter county where the charter specifically provides for a different method for submission of the tax collector's budget."
Subject to those exceptions, however, section 195.087(2), Florida Statutes, governs the approval of the budget of the tax collector. While the statute requires that a copy of the budget be furnished to the board of county commissioners, it does not provide for, or otherwise require, approval by the county commission. The board of county commissioners may address its objections or concerns regarding the budget of the tax collector to the Department of Revenue.[3] However, it is the department that is charged under the statute with determining whether the budget is adequate. Once such a determination has been made by the department, the statute prohibits a reduction or increase without the department's approval.[4]
While the tax collector performs functions not only for the county but also for the state, municipalities, and various districts, only one budget is submitted to the Department of Revenue. Thus, unlike the clerk of court who is required to prepare separate budgets — one relating to the state courts system and one relating to the clerk's county-related duties — the tax collector prepares one budget incorporating all aspects of his official duties.[5]
This office has been advised that the Department of Revenue reviews the budget in light of the entire workload of the tax collector's office, including the workload associated with the sale of motor vehicle tags and hunting and fishing licenses, as well as any other state and local duties within such office.[6]
Moreover, in reviewing requests for capital outlay items, the department analyzes each of the requested items. If the item is deemed necessary for the operation of the office and the cost would more appropriately be financed for several years, the department may approve the purchase of the equipment, subject to approval in subsequent years for any continuation funding.
Accordingly, I am of the opinion that the Department of Revenue is responsible for reviewing and approving the entire budget of the tax collector's office.
Question Two
Section 1(k), Article VIII, Florida Constitution, provides that "[b]ranch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law." (e.s.) This office has previously stated that a tax collector operating as a fee officer is not authorized to establish and maintain or enter into contractual arrangements for branch offices for the conduct of county business.[7] As noted above, however, the tax collector performs a variety of functions on behalf of the state, the county, the municipalities and various special taxing districts located within the county.
In Attorney General Opinion 79-70, this office recognized that branch offices could be established by the clerk of court acting as clerk of the circuit court. These satellite offices could be opened in the branches of the county court established by the chief judge of the judicial circuit pursuant to court rule and section 34.181, Florida Statutes.[8] This office recognized that such branch offices were concerned with the clerk's judicial functions as clerk of the county court and were not created under the constitutional authority given to local governments in section 1(k), Article VIII, supra. Moreover, clerks have been expressly granted the authority by the Legislature to establish branch offices.[9]
Similarly, Attorney General Opinion 82-81 acknowledged the existence of branch offices of the tax collector acting as the agent for the Department of Highway Safety and Motor Vehicles. The branch offices, however, had been established by county ordinance and by special act of the Legislature.
In Attorney General Opinion 78-135, this office stated that in the absence of a statute authorizing the tax collector to establish a branch office, the tax collector did not have the authority to establish such an office. Such a conclusion is consistent with a long line of opinions in which this office has stated that a tax collector's powers are derived from the statutes and such officers possess only such powers as is clearly conferred by statute or necessarily implied therefrom.[10]
Section 1(k), Article VIII, Florida Constitution, does not preclude the establishment of branch offices for the conduct of non-county business. While this office has not been apprised of any statute expressly authorizing a tax collector to exercise such a power,[11] this office has been advised that the Department of Revenue, in reviewing requests for branch offices contained in a tax collector's budget, has approved a new branch office for the tax collector, if justified, as long as no county business is conducted at such location. County business has been interpreted by the department as the collection of ad valorem taxes. However, in light of the above, it may be advisable to seek legislative clarification regarding the tax collector's authority in this area.
Sincerely,
Robert A. Butterworth Attorney General
RAB/all
[1] See, Op. Att'y Gen. Op. 76-173 (1976).
[2] See, s. 145.022(1), Fla. Stat. (1993), stating that a board of county commissioners, with the concurrence of the county official involved, shall by resolution guarantee and appropriate a salary to the county official, in an amount specified in this chapter, if all fees collected by such official are turned over to the board of county commissioners.
[3] See, Letter to John K. Clark, Palm Beach County Tax Collector, to L.H. Fuchs, Executive Director, Department of Revenue, dated August 19, 1993.
[4] An exception exists for monies received by the tax collector in complying with Chapter 119, Fla. Stat., which are required to be accounted for in the same manner as provided in section 218.36, Florida Statutes. Any such money may be used and expended in the same manner and to the same extent as funds budgeted for the office, and no budget amendment shall be required. See, s.195.087(2), Fla. Stat. (1993).
[5] Section 218.35, Fla. Stat. (1993).
[6] Letter to Jack Tedder, Taylor County Tax Collector, from Darrell W. Smith, Budget Services Director, Department of Revenue, dated August 17, 1995.
[7] See, Ops. Att'y Gen. Fla. 78-135 (1978), 78-77 (1978), and 76-173 (1976).
[8] See, s. 34.181(1), Fla. Stat. (1993), providing in part that a county may apply to the chief judge of the circuit in which the county is situated for the county court to sit in a location suitable to the county and convenient in time and place to its citizens and police officers.
[9] See, s. 28.07, Fla. Stat. (1993), authorizing the clerk to establish branch offices in places other than the county seat and provide such offices with a deputy clerk authorized to issue process, provided that the official records of the county shall be kept at the county seat.
[10] See, e.g., Op. Att'y Gen. Fla. 78-77 (1978); and see, Ops. Att'y Gen. Fla. 78-101 (1978), 78-97 (1978), 75-161 (1975); Whitev. Crandon, 156 So. 303 (Fla. 1934); Gessner v.Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
[11] Compare, s. 28.07, Fla. Stat. (1993), authorizing the clerk to establish branch offices in places other than the county seat and provide such offices with a deputy clerk authorized to issue process, provided that the official records of the county shall be kept at the county seat; s. 20.04(2), Fla. Stat., provides that for field operations, executive departments may establish district or area offices that may combine division, bureau, section, or subsection functions.