Dear Mr. Wyckoff:
As attorney for the Anastasia Mosquito Control District you have asked for my opinion on substantially the following questions:
1. Is the Anastasia Mosquito Control District authorized to reimburse expenses incurred by district commissioners for expenditures on office supplies and equipment purchased to perform the business of the district?
2. Is the Anastasia Mosquito Control District authorized to provide each of its five commissioners with a computer, printer, paper, print cartridges and other office supplies for the sole purpose of performing their responsibilities as district commissioners?
3. Is it legally permissible for the Anastasia Mosquito Control District to make retirement contributions to the Florida Retirement System on behalf of district commissioners?
Questions One and Two
According to information you have supplied to this office, the commissioners of the Anastasia Mosquito Control District currently download and print lengthy contracts and scientific documents preparing for board meetings and have been utilizing their personal funds for these materials. You ask whether the district can reimburse the commissioners for these personal expenditures made to accomplish district business or whether the district is authorized to purchase such equipment and supplies for the individual commissioners which would be used solely for district business.
The Anastasia Mosquito Control District of St. Johns County (the district) is an independent special district[1] created to control and eliminate all species of mosquitoes and other arthropods of public health importance.[2] Chapter 99-449, Laws of Florida, codifies the charter of the Anastasia Mosquito Control District of St. Johns County and all legislative authority granted to the district. The board of commissioners consists of five members who are registered electors residing within the district boundaries and who serve four-year terms.[3] The district's charter recognizes that [t]he provisions of chapter 388, Florida Statutes (1997), entitled "Mosquito Control," as the same may be amended from time to time, shall govern the functions of the Anastasia Mosquito Control District of St. Johns County, except where the same is inconsistent with the provisions of this act.[4]
Thus, the powers and duties of the Anastasia Mosquito Control District of St. Johns County are prescribed by Chapter 99-449, Florida Statutes, read together with Chapter 388, Florida Statutes.
Chapter 388, Florida Statutes, controls the operation of mosquito control districts established prior to July 1, 1980.[5] A review of the enabling legislation for the Anastasia Mosquito Control District of St. Johns County indicates that the district was originally established in 1941 and approved by referendum in 1948.[6]
Section 388.141(1), Florida Statutes, speaks directly to compensation paid to the commissioners of mosquito control districts:
Members of the board of commissioners of independent special tax districts may each be paid a salary to be determined by unanimous vote of the board which shall not exceed $4,800 for each commissioner during any one year; however, this section shall not be construed to limit compensation of district commissioners where higher amounts have otherwise been authorized by special act or general act of local application. Said members may be reimbursed for expenses incurred in the performance of their duties as provided in s. 112.061.
In addition to the provisions of Chapter 388, Florida Statutes, the special act for the Anastasia Mosquito Control District contains provisions for the reimbursement of expenses for the members of the commission. Section 7 of the district's charter provides:
[t]he members of the board of commissioners of the Anastasia Mosquito Control District of St. Johns County shall be paid for expenses for travel, meetings, and for other expenses in connection with their duties within the district the lump sum of $100 per month. However, during any one year, said total expense paid shall not exceed $1,200.
The charter also limits when reimbursement payments may be made and makes it clear that these payments do not constitute salary payments:
Payments made pursuant to this act shall be deemed reimbursement for expenses and shall not be construed as salary. Said lump sum monthly reimbursement shall not be paid in any month that compensation is received pursuant to s. 388.141, Florida Statutes.
Thus, the statutes recognize that a mosquito control district commissioner is entitled to a limited salary and reimbursement of expenses incurred in the performance of his or her duties.[7]
As an entity created by statute, a mosquito control district may only exercise such powers as have been expressly granted by statute or may be necessarily exercised in order to carry out an express power; any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[8] In Attorney General's Opinion 2002-30 this office considered whether the commissioners of the Collier Mosquito Control District were entitled to such benefits as medical insurance or accidental death or disability insurance in addition to the maximum salary of $4,800 authorized in section 388.141(1), Florida Statutes. Relying on the statutory authority discussed above, the opinion concluded that, while the board was authorized to unanimously vote itself a salary of not more than $4,800 in any one year and be paid per diem and travel expenses for performing district business, nothing in either Chapter 388 or section 112.061, Florida Statutes, would authorize the payment of insurance benefits for members of the board.
In contrast, I would note that among the corporate powers of the board of commissioners of the Anastasia Mosquito Control District of St. Johns County set forth in section 388.161(2), Florida Statutes, is the authority to "employ a field director and such trained personnel, legal, clerical or otherwise . . . as may be required." Thus, the board may employ and presumably provide office supplies for the use of clerical staff to function as the day-to-day office staff of the board.[9]
Under these circumstances, the rationale for purchasing office equipment such as computers and printers for use by individual members of the board of commissioners is not readily apparent. Further, section 7, Chapter 99-449, Laws of Florida, allows the members of the board of commissioners to be paid "for expenses for travel, meetings, and forother expenses in connection with their duties within thedistrict[.]"1[10] (e.s.) This amount is limited annually to a total of $1200.00.
Thus, it is my opinion that the Anastasia Mosquito Control District is authorized to reimburse expenses incurred by district commissioners for expenditures on office supplies and equipment purchased to perform the business of the district so long as such reimbursement is limited to no more than $100.00 a month or $1,200.00 annually. Further, the district is specifically authorized to employ office staff as may be required to accomplish the work of the district and may wish to consider utilizing staff to handle such duties as copying or printing packets of information required for use by the board.
With regard to the purchase of office equipment and supplies for individual commissioners, section 388.161, Florida Statutes, authorizes the "purchase . . . of personal property as said board may deem properto carry out the purpose of this chapter[.]" (e.s.) Thus, if the board makes a determination that the purchase of computers, printers, paper, print cartridges and other office supplies for the district to be used by individual commissioners will facilitate the accomplishment of the district's mission, section 388.161(2), Florida Statutes, would appear to authorize such an expenditure. However, the board may wish to evaluate these expenditures in light of the statutory authorization for reimbursement for expenses and the clear authority to employ and utilize office staff. Further, it should be noted that pursuant to section388.161, Florida Statutes, this equipment would be the property of the district not the personal property of individual commissioners and could not be put to personal use.
Question Three
You have also asked whether the Anastasia Mosquito Control District of St. Johns County is authorized to make retirement contributions to the Florida Retirement System on behalf of the commissioners of the district. Subsequent communications from your office indicate that the district is currently providing retirement contributions for commissioners. This office must presume the validity of official action taken by the board of commissioners until judicially determined otherwise.[11] If the district continues to have questions about the Florida Retirement System and it's participation, it may be advisable for the district to review its retirement policy with the Florida Division of Retirement.[12]
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 1, Ch. 99-449, Laws of Fla.
[2] Section 388.161(1), Fla. Stat.
[3] Section 3.3., Ch. 99-449, Laws of Fla.
[4] Section 3.3., Ch. 99-449, Laws of Fla.
[5] Section 388.021, Fla. Stat. Pursuant to s. 388.021(2), Fla. Stat., on or after July 1, 1980, mosquito control districts are to be created pursuant to s. 125.01, Fla. Stat.
[6] See s. 3.1, Ch. 99-449, Laws of Fla.
[7] See Op. Att'y Gen. Fla. 02-30 (2002) discussing the salary and reimbursement of commissioners of the Collier Mosquito Control District.
[8] See State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So. 2d 628 (Fla 1st DCA 1974), cert. dismissed, 300 So. 2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., ofFlorida, 281 So. 2d 493 (Fla. 1973).
[9] Express power duly conferred may include the implied authority to use means necessary to make the express power effective. See, e.g.,Molwin Inv. Co. v. Turner, 167 So. 2d 33 (Fla. 1936); Gessner v. Del-AirCorp., 17 So. 2d 522 (Fla. 1944).
[10] And see s. 388.141(1), Fla. Stat., and 112.061, Fla. Stat., providing for per diem and travel expenses and the reimbursement of these expenses for board members.
[11] Cf. Pickerill v. Schott, 55 So. 2d 716 (Fla. 1951), and State exrel. Atlantic Coastline R. Co. v. State Board of Equalizers, 94 So. 681
(Fla. 1922).
[12] Cf. Op. Att'y Gen. Fla. 02-30 (2002) (commissioners of mosquito control district not entitled to receive benefits such as medical insurance or accidental death or disability insurance, but are limited to salary and reimbursement of expenses pursuant to s. 112.061, Fla. Stat.; no authority for mosquito control district to allow commissioners to participate in district's group insurance plan).