Dear Ms. Moore:
On behalf of the South Florida Regional Transportation Authority (SFRTA) you have asked for my opinion on the following question:
In the absence of more express restrictions in the Act, does the SFRTA have the flexibility and authority, in accordance with existing law, to determine the use of the monies collected pursuant to section 343.58(1), Florida Statutes?
Part I, Chapter 343, Florida Statutes, is the "South Florida Regional Transportation Authority Act."[1] The act establishes the authority, sets forth its powers and duties, and includes provisions relating to financing the activities of the authority. The authority has been created "to own, operate, maintain, and manage a transit system in the tri-county area of Broward, Miami-Dade, and Palm Beach Counties . . ." More specifically:
It is the express intention of this part that the authority be authorized to plan, develop, own, purchase, lease, or otherwise acquire, demolish, construct, improve, relocate, equip, repair, maintain, operate, and manage a transit system and transit facilities; to establish and determine the policies necessary for the best interest of the operation and promotion of a transit system; and to adopt rules necessary to govern the operation of a transit system and transit facilities. It is the intent of the Legislature that the south Florida Regional Transportation Authority shall have overall authority to coordinate, develop, and operate a regional transportation system within the area served.
Section 343.54, Florida Statutes, sets out the powers and duties of the authority:
(3)(j) To enforce collection of rates, fees, and charges, and to establish and enforce fines and penalties for violations of any rules.
 * * * *
(o) To accept funds from other governmental sources, and to accept private donations.
(4) The authority shall develop and adopt a plan for the operation, maintenance, and expansion of the transit system. Such plan shall address the authority's plan for the development of public and private revenue sources, and the service to be provided, including expansions of current service which are consistent, to the maximum extent feasible, with approved local government comprehensive plans. The plan shall be reviewed and updated annually.
(5) The authority, by resolution of its governing board, may expand its service area and enter into a partnership with any county that is contiguous to the service area of the authority. The board shall determine the conditions and terms of the partnership, except as provided herein. However, the authority may not expand its service area without the consent of the board of county commissioners representing the proposed expansion area, and a county may not be added to the service area without the consent of the board of county commissioners representing the proposed expansion area, and a county may not be added to the service area except in the year that federal reauthorization legislation for transportation funds is enacted.
The SFRTA is specifically empowered to issue revenue bonds pursuant to section 343.55, Florida Statutes.
Your question deals with section 343.58, Florida Statutes, requiring the counties served by the South Florida Regional Transportation Authority to contribute to the funding of the system. The statute provides:
1) Each county served by the South Florida Regional Transportation Authority must dedicate and transfer not less than $2.67 million to the authority annually. The recurring annual $2.67 million must be dedicated by the governing body of each county before October 31 of each fiscal year.
(2) At least $45 million of a state-authorized, local option recurring funding source available to Broward, Miami-Dade, and Palm Beach counties is directed to the authority to fund its capital, operating, and maintenance expenses. The funding source shall be dedicated to the authority only if Broward, Miami-Dade, and Palm Beach counties impose the local option funding source.
(3) In addition, each county shall continue to annually fund the operations of the South Florida Regional Transportation Authority in an amount not less than $1.565 million. Revenue raised pursuant to this subsection shall also be considered a dedicated funding source.
(4) The current funding obligations under subsections (1) and (3) shall cease upon commencement of the collection of funding from the funding source under subsection (2). If the funding under subsection (2) is discontinued for any reason, the funding obligations under subsections (1) and (3) shall resume when collection from the funding source under subsection (2) ceases. Payment by the counties shall be on a pro rata basis the first year following cessation of the funding under subsection (2). The authority shall refund a pro rata share of the payments for the current fiscal year made pursuant to the current funding obligations under subsections (1) and (3) as soon as reasonably practicable after it begins to receive funds under subsection (2). If, by December 31, 2015, the South Florida Regional Transportation Authority has not received federal matching funds based upon the dedication of funds under subsection (1), subsection (1) shall be repealed.
Nothing in section 343.58(1), Florida Statutes, speaks to the authority of the SFRTA to expend the funds dedicated and transferred to the authority under this section. Rather, the statute is directed to the counties to make payments. While subsection (1) requires that the counties served by the authority "must dedicate and transfer" funds to the authority annually, the statute does not contain any direction to the SFRTA as to how these funds must be expended.
A state administrative agency or officer, such as the South Florida Regional Transit Authority, possesses no inherent power and may exercise only such authority as is expressly or by necessary implication conferred by law.[2] Administrative agencies possess the implied powers reasonably necessary and fairly appropriate to make effective the express powers granted to, or duties imposed on them, and to accomplish the purposes of the legislation which established them.[3] In the absence of any legislative direction contained in section 343.58(1), Florida Statutes, it would appear that the South Florida Regional Transit Authority must act in accordance with the provisions of Part I, Chapter 343, Florida Statutes, in utilizing these funds but has the implied authority to carry out any express purpose or power of the authority.
In sum, it is my opinion that, in the absence of more express restrictions in the Act, the SFRTA has the flexibility and authority, in accordance with existing law, to determine the use of the monies collected pursuant to section 343.58(1), Florida Statutes. However, the power of the SFRTA to make expenditures is confined to the purposes inherent in the authorizing legislation of the authority.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 343.51, Fla. Stat., provides the short title for the act.
[2] See, e.g., 67 C.J.S. Officers ss. 190, 192 (1978); Lang v.Walker, 35 So. 78, 80 (Fla. 1903); Gessner v. Del-Air corporation, 17 So. 2d 522 (Fla. 1944); and AGO's 86-46, 2004-30. See generally 73 C.J.S. Public Administrative Law and Procedure s. 50 (1983).
[3] See generally, 73 C.J.S. Public Administrative Law andProcedure s. 51 (1983).